615 A.2d 362

**COMMONWEALTH of Pennsylvania**

v.

**Russell G. CLUTTER, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 17, 1992.

Filed Oct. 20, 1992.

John A. Roth, Latrobe, for appellant.

Lawrence W. Koenig, Asst. Dist. Atty., Greensburg, for Com., appellee.

Before ROWLEY, President Judge, and JOHNSON and BROSKY, JJ.

ROWLEY, President Judge.

Appellant Russell G. Clutter, who is incarcerated under a sentence imposed in Pennsylvania, filed, through counsel, a petition for a writ of habeas corpus. In the petition, he averred the following: he is currently serving a two and one-half to five year term of imprisonment at the State Correctional Institution at Greensburg; on December 18, 1990, that institution received a detainer from authorities in Garrett County, Maryland to be lodged against appellant; no action has been taken on the detainer; neither the authorities in Garrett County nor the Westmoreland County District Attorney's Office have completed the extradition process within the ninety days specified in the Uniform Interstate Agreement on Detainers (Agreement), 42 Pa.C.S. § 9101 *et seq;* and the

detainer prevents appellant from achieving a different security classification and from participating in various rehabilitation programs. Finally, appellant requested that the detainer be dismissed for failure of authorities to comply with the Agreement.[1]

A hearing on appellant's petition for the writ was held. From the record before us, it appears that the *only* issue presented to and decided by the trial court at the hearing was whether appellant waived extradition as a condition of his probation imposed in the State of Maryland. Appellant contends that the trial court erred in deciding this question because he was not challenging extradition, but rather was attempting to seek prompt disposition of the detainer filed against him by Maryland authorities.

As evidenced by documents included in the original record, appellant received correspondence from an investigator for the State's Attorney of Garrett County, Maryland, which included the following statement:

> I am advising you again that the proper procedure for disposition of the detainer is to file Form II of the Interstate Agreement on Detainers. This form is a request for speedy trial and final disposition of your detainer. Should you fail to file this form, the detainer will remain in effect until such time as you are released from prison. The State of Maryland will then proceed with extraditing you back to Maryland.

In an attempt to comply with the suggested procedure, appellant requested Form II from prison authorities at Greensburg. However, other documents included in the record reveal that the Pennsylvania authorities denied appellant's request on the ground that the Agreement does not apply where, as here, a detainer is based on a probation violation, *see Carchman v.*

1. It is not clear whether appellant intended to rely on the Agreement or the Uniform Criminal Extradition Act, 42 Pa.C.S. § 9121 *et seq.* A second petition which cites to the Extradition Act is included in the record, although it is not clear whether that petition was filed. In addition, the ninety day limitation is provided for by the Extradition Act rather than the Agreement.

*Nash,* 473 U.S. 716, 105 S.Ct. 3401, 87 L.Ed.2d 516 (1985), a fact of which Maryland authorities were apparently unaware.

Although appellant mailed copies of these documents to his attorney,[2] they were not presented to the trial court at the hearing. The only documents provided to the trial court at the hearing were an affidavit submitted by appellant's Maryland probation officer and a document entitled "Agreement of Applicant When Permitted to Go to Another State," pursuant to which appellant allegedly waived extradition.[3] After reviewing those documents, the trial court denied appellant's petition on the ground that appellant waived extradition as a condition of his probation with Maryland. The trial court also ordered that appellant "be placed in the hands of the individuals who will complete the extradition." Hearing Transcript, 12/18/91, at 10. Appellant filed a timely appeal from the trial court's order. He is now represented by new counsel.

■ Before reaching the merits of appellant's arguments on appeal, we must consider the Commonwealth's contention that Pennsylvania courts are without jurisdiction in this case. The Commonwealth argues that under the Uniform Act for Out–of–State Supervision of Parolees, 61 P.S. § 321 *et seq.,* Pennsylvania cannot review Maryland's decision to take appellant back to Maryland to answer the probation violation charges. The Commonwealth raises the applicability of that statute for the first time in its appellate brief.[4] Moreover, we need not decide the effect of the Uniform Act for Out–of–State Supervision of Parolees because it does not appear that Maryland has attempted to take appellant back to Maryland. To the contrary, appellant alleges that he filed his petition because

2. A copy of the letter from appellant to his attorney and copies of the attached documents were also sent to the Clerk of Courts and are included in the original record.

3. Those documents are not included in the record.

4. After the Commonwealth's first motion for an extension of time to file a brief was granted, its brief was due on July 25, 1992. Although the Commonwealth's second motion for an extension of time was denied, its brief was not filed until September 4, 1992, after the case was submitted to a panel of this Court. Notwithstanding the Commonwealth's failure to comply with the briefing schedule, we have considered the argument it raises in its brief.

Maryland refused to proceed until he acted pursuant to the procedures set forth in the Agreement, even though the Agreement is not available to him. An appeal from an order denying a petition for the writ of habeas corpus is an appeal from a final order over which this Court has jurisdiction. *See* 42 Pa.C.S. § 742.

On appeal, appellant initially contends that the trial court erred by applying the provisions of the Uniform Criminal Extradition Act (UCEA) because it does not apply to persons presently incarcerated, and because Maryland authorities failed to comply with the requirements of the UCEA with respect to necessary documentation. Appellant also contends that his counsel at the hearing was ineffective for failing to object to application of the UCEA.

█ Because it appears from the record before us that Maryland authorities never instituted extradition proceedings, we are at a loss to understand why the only issue considered at the hearing was whether appellant waived extradition. Unfortunately, our resolution of this matter is hampered by the fact that we are without the benefit of a trial court opinion. However, we need not decide at this time whether the UCEA is applicable to sentenced prisoners or whether counsel was ineffective for failing to argue against application of the UCEA. Because Maryland did not initiate extradition proceedings, the trial court should not have decided that appellant waived extradition and should not have ordered that he "be placed in the hands of the individuals who will complete the extradition." For reasons discussed below, however, we conclude that appellant is not entitled to relief, and we therefore affirm the order denying his petition.

█ On appeal, appellant claims that he is entitled to relief because the restrictions on his institutional liberties are violative of his due process rights under the United States Constitution and his rights under Article I, section 11 of the Pennsylvania Constitution. Appellant argues that his due process rights are violated because neither the UCEA nor the Agreement applies to his situation. Therefore, the detainer will

remain lodged against him and the charges upon which the detainer is based will remain unsettled, causing his institutional liberties to continue to be restricted. He also argues that counsel was ineffective for failing to argue this constitutional claim at the hearing. However, this argument has already been decided adversely to appellant's position by the United States Supreme Court.

In *Moody v. Daggett*, 429 U.S. 78, 97 S.Ct. 274, 50 L.Ed.2d 236 (1976), the Court held that a parolee imprisoned for a crime committed while on parole is not constitutionally entitled to a prompt revocation hearing on a parole violator warrant lodged as a detainer with the institution in which the parolee is confined.[5] *See also Commonwealth v. Waters*, 252 Pa.Super. 357, 381 A.2d 957 (1977) (due process not violated by postponement of parole revocation hearing until after parolee has completed sentence for conviction which constitutes parole violation). Although the detainer in *Moody* was lodged by the federal parole board with a federal institution, *Moody* has been followed where one state lodges a detainer against a parolee imprisoned in another state's institution. *See Wheway v. Warden, State Prison*, 215 Conn. 418, 576 A.2d 494 (1990). In addition, the Court in *Moody* itself noted that where, as here, "two autonomous jurisdictions are involved, ... a detainer is a matter of comity." *Moody*, 429 U.S. at 80 n. 2, 97 S.Ct. at 275 n. 2.

Our disposition of this matter receives further support from the Supreme Court's decision in *Carchman v. Nash*, *supra*. In *Carchman*, the Court held that the Agreement, which provides procedures by which a prisoner against whom a detainer has been lodged can himself initiate the disposition of the pending charges, is not applicable when the detainer is based on a probation or parole violation.[6] The Court recog-

5. In the present case the detainer is based on a probation violation rather than a parole violation as in *Moody*. This difference is immaterial with respect to the issue involved, however.

6. The authorities in Maryland who informed appellant that he had to proceed under the Agreement in order to secure the speedy disposition of the charges upon which the detainer was based were apparently unaware of the Supreme Court's holding in *Carchman*.

nized that a detainer may have adverse consequences for the prisoner against whom it is lodged, such as the restrictions on his institutional liberties which appellant challenges. However, in concluding that "the abuses that in part motivated adoption of the Agreement generally do not occur in the context of probation-violation detainers", *Carchman,* 473 U.S. at 731, 105 S.Ct. at 3409, the Court stated the following:

> [I]n general, the factual issue of guilt of the probation violation is conclusively established by the convictions leading to incarceration in the sending State. Disposition of the probation-violation charge underlying the detainer therefore often will result in probation being revoked and in the probationer's being resentenced to imprisonment in the receiving State. The ultimate consequence is that the detainer based on the probation-violation charge merely will be replaced by a detainer based on the reimposed sentence, with similar adverse effects on the prisoner's treatment and rehabilitation.

*Id.* at 732, 105 S.Ct. at 3409. For these reasons, we conclude that appellant's due process rights under the federal constitution are not violated by the postponement of the disposition of the probation-violation charges underlying the detainer lodged against him. Similarly, appellant's due process rights under our state constitution are also not violated as our state constitution provides no greater due process protection than the federal constitution. *Coades v. Board of Probation and Parole,* 84 Pa.Commw. 484, 480 A.2d 1298 (1984).

Appellant also contends that counsel was ineffective for failing to argue that his rights under Article I, section 11 of the Pennsylvania Constitution are violated. That section provides the following:

> All courts shall be open; and every man for an injury done to him in his land, goods, person or reputation shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct.

Pa. Const. art. I, § 11. Appellant argues that this provision affords him protections similar to due process as a matter of state constitutional law. He contends that because "he is unable to invoke either [the Agreement or the UCEA] to obtain timely relief from [the] deprivation of liberty prior to the expiration of his present Pennsylvania sentence[,] ... he is without a means of seeking relief for injury to his personal liberty in the courts of Pennsylvania." Appellant's Brief at 18.

As mentioned above, we need not decide at this time whether the UCEA applies to sentenced prisoners. However, we note that even if the UCEA applies, it does not provide a means of relief for appellant as Maryland must initiate proceedings under that statute. Unlike the Agreement, the UCEA does not provide a procedure whereby a person against whom a detainer is lodged can himself initiate proceedings. Accordingly, appellant's complaint is essentially that his rights under section 11 are violated by his inability to proceed under the Agreement. However, we conclude that the postponement of the disposition of the charges upon which the detainer is based does not violate appellant's right to timely access to Pennsylvania courts. In fact, appellant's complaint is that he is being denied access to Maryland courts. Pennsylvania courts have no authority to dispose of the charges pending against appellant, nor can our courts compel Maryland authorities to initiate extradition proceedings. The restriction on appellant's activities is a proper response to the detainer lodged against him. Appellant provides no reasons why the detainer itself is unlawful. Rather, he asserts that the delay in disposition of the charges upon which it is based is unconstitutional. Under these circumstances, appellant's complaint, if any, is with the authorities in Maryland, rather than those in Pennsylvania.

Because appellant's petition for the writ does not set forth a claim upon which relief can be granted, we affirm the order denying his petition. However, we do so on a basis other than

that relied upon by the trial court.[7]

Order affirmed.

**7.** We may affirm for a reason other than that relied upon by the trial court. *Gerace v. Holmes Protection of Philadelphia,* 357 Pa.Super. 467, 516 A.2d 354 (1986), *allocatur denied,* 515 Pa. 580, 527 A.2d 541 (1987).