COMMONWEALTH of Pennsylvania,
Appellee,

v.

Pancho JACKSON, Appellant.

Superior Court of Pennsylvania.

Argued Oct. 28, 2003.
Filed April 30, 2004.

Bradley S. Bridge, Philadelphia, for appellant.

Todd M. Mosser, Asst. Dist. Atty., Philadelphia, for Com., appellee.

Before: DEL SOLE, P.J., and HUDOCK and TODD, JJ.

HUDOCK, J.

¶ 1 This is an appeal from the order of the trial court denying Appellant's pretrial motion for *habeas corpus* relief. We quash.

¶ 2 The trial court summarized the pertinent facts as follows:

Police Officer Walter McCrae testified that while on routine patrol as a Philadelphia Police Officer, he responded to a radio call that brought him to 5031 Summer Street. Following arrival at this location, [Officer McCrae] met the property's real estate broker, Arthur Urbany. Mr. Urbany told Officer McCrae that he had permission to act with regard to the property and provided identification and a power of attorney to support this claim. Further, [Appellant's] attorney stipulated that Urbany was the owner of this residence.

The Officer received additional information from Mr. Urbany which resulted in the men approaching the front door at 5031 Summer Street. Upon approach, Urbany noticed that the original locks had been changed by an unauthorized individual. Officer [McCrae] then knocked on the door and [Appellant] answered. [McCrae] asked [Appellant] why he was inside this house. [Appellant] responded that "he was trying to find out who owned the house and he had went downtown." [Appellant] also stated that "the man had died and he was trying to find out who he could see about getting the property." Mr. Urbany told the Officer that he did not know [Appellant] and that he did not have permission to be inside the house.

Trial Court Opinion, 1/17/03, at 2 (citations omitted).

¶ 3 Appellant was arrested and charged with criminal trespass and criminal mischief. Thereafter, a preliminary hearing was held in which Appellant objected to testimony introduced by the prosecution. The matter was held over for trial. Appellant filed a writ of *habeas corpus* challenging the admission of Officer Crae's testimony. The trial court denied the *habeas corpus* petition. Appellant filed a motion for reconsideration, which the trial court denied. The trial court ordered Appellant to file a Rule 1925(b) statement of matters complained of on appeal. Appellant then filed a timely notice of appeal and a statement of matters complained of on appeal.

¶ 4 Appellant raises four issues for our review:

1. Was it not improper for the judge at [Appellant's] preliminary hearing to admit rank hearsay evidence?

2. Should not the two charges against [Appellant], criminal trespass and criminal mischief, be dismissed where the only evidence to support them was rank hearsay?

3. Should not the criminal trespass charge against [Appellant] be dismissed where, even including the hearsay, there was insufficient evidence to support it?

4. Should not the criminal mischief charge against [Appellant] be dismissed where, even including the hearsay, there was insufficient evidence to support it?

Appellant's Brief at 4.

¶ 5 In addition, Appellant summarizes the four issues above in the following manner in his Reply Brief:

[WHETHER] THE LOWER COURT ERRED BY APPROVING OF THE ADMISSION OF RANK HEARSAY AT [APPELLANT'S] PRELIMINARY HEARING AND BY DETERMINING THAT THE EVIDENCE PRESENTED WAS SUFFICIENT AS TO ESTABLISH A *PRIMA FACIE* CASE OF

CRIMINAL TRESPASS AND CRIMINAL MISCHIEF[?]

Appellant's Reply Brief at ii.

 ¶ 6 Before we can address the above issues, we must first resolve a procedural matter as to whether this appeal was taken from a final and appealable order. Under Pennsylvania law, the appellate jurisdiction of the Superior Court is set out as follows:

§ 742. **Appeals from courts of common pleas**

The Superior Court shall have exclusive appellate jurisdiction of all appeals from final orders of the courts of common pleas, regardless of the nature of the controversy or the amount involved, except such classes of appeals as are by any provision of this chapter within the exclusive jurisdiction of the Supreme Court or the Commonwealth Court.

An order of the court of common pleas is appealable to this court if final; and a final order for purposes of appellate review to this court is one which serves to put the litigants out of court by either ending the litigation or entirely disposing of the case.

*Commonwealth v. Rosario*, 419 Pa.Super. 481, 615 A.2d 740, 743 (1992), *aff'd*, 538 Pa. 400, 648 A.2d 1172 (1994) (some citations omitted). *See also* Pa. R.A.P. 341(b)(1) (stating that a final order is any order that disposes of all claims and all parties). "As such, a criminal defendant may generally only appeal from a judgment of sentence." *Commonwealth v. Swartz*, 397 Pa.Super. 157, 579 A.2d 978, 980 (1990) (citations omitted).

 ¶ 7 In the instant case, Appellant is attempting to appeal from an order that is not final. The trial court's denial of Appellant's motion to quash the criminal charges did not dispose of the case nor did it end litigation.

In considering whether or not appellant may immediately appeal the dismissal of his claim to habeas corpus relief, it must be remembered that the rules of appealability are not reciprocal in this area. While the Commonwealth may appeal from an order discharging a defendant upon a writ of habeas corpus, it is equally well settled that the *defendant* may not immediately appeal from the *denial* of his pretrial application for habeas corpus relief.

Although it has been deemed appropriate to permit immediate review by the court of common pleas of the finding of a prima facie case by the district magistrate, a balancing of the further disruption of the trial process against the harm to the accused weighs in favor of barring immediate appellate review unless "exceptional circumstances" are present. Thus, under prior case law it is firmly established that the denial of a habeas corpus claim, based upon the insufficiency of the evidence presented to the issuing authority, without a showing of exceptional circumstances (which have not been argued here), will not provide a basis for immediate appellate review.

*Commonwealth v. Hess*, 489 Pa. 580, 588–589, 414 A.2d 1043 (1980) (citations omitted).

As a general rule, an order denying a pre-trial petition for habeas corpus is interlocutory. In the absence of exceptional circumstances, statutory authorization, or jurisdictional challenge, an order denying an application for discharge prior to trial, particularly where it is based upon the alleged insufficiency of evidence to establish a prima facie case before the magistrate, is unappealable.

*Commonwealth v. Schroeck*, 273 Pa.Super. 386, 417 A.2d 702, 703 (1980) (citations omitted).

¶ 8 Appellant's reliance on *Commonwealth v. Clutter*, 419 Pa.Super. 275, 615

A.2d 362 (1992), is misplaced. Unlike Appellant, the defendant in that case was a prisoner already serving a sentence when he filed his petition for writ of *habeas corpus*. In *Clutter*, the denial of the defendant's petition was clearly a final order because it disposed of all claims and all parties. *See* Pa. R.A.P. 341(b)(1). In contrast, the denial of Appellant's motion to quash does not end the litigation; instead, the denial signals that the case is ready to move to trial. Pennsylvania Rule of Appellate Procedure 311 lists the circumstances under which an interlocutory appeal is allowed as of right. None of these extraordinary circumstances exist in the instant case. Accordingly, we quash.

■ ¶ 9 Even if we could reach Appellant's challenge, we would be unable to provide relief. Our Court has elucidated the purpose of a preliminary hearing as follows:

> The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Wodjak* [*Wojdak*], 502 Pa. 359, 466 A.2d 991 (1983). Its purpose is not to prove defendant's guilt. Once appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial.

*Commonwealth v. Tyler*, 402 Pa.Super. 429, 587 A.2d 326, 328 (1991).

¶ 10 We cannot agree with Appellant's assertion that the trial court erred by allowing hearsay to be admitted at his preliminary hearing. Although "hearsay evidence *alone* may not be the basis for establishing a prima facie case in a preliminary hearing," hearsay evidence may be admitted in a preliminary hearing. *Id.* As there is no credibility testing performed by the factfinder in a preliminary hearing, the admission of hearsay is not a problem. *Id.* In the *Tyler* decision, our Court distinguished a factually similar case to Appellant's and allowed hearsay evidence to be admitted in a preliminary hearing after interpreting the Supreme Court plurality decision of *Commonwealth ex rel. Buchanan v. Verbonitz*, 525 Pa. 413, 581 A.2d 172 (1990), to mean that hearsay evidence is admissible in a preliminary hearing when there is more than hearsay evidence used to establish the *prima facie* case. *Tyler*, 587 A.2d at 328. In the instant case, there was more than enough non-hearsay evidence to establish a *prima facie* case.[1] Thus, the trial court did not err in admitting hearsay testimony at the preliminary hearing.

¶ 11 Appeal quashed.

---

1. The subject property appears to be part of a decedent's estate. The complainant showed Officer McCrae a document showing his power of attorney, which demonstrated his authorization to act on behalf of the estate. N.T., 3/28/02, at 8–9. The complainant also accompanied the officer to the subject property to show him that the locks had been changed. *Id.* at 10. The complainant informed the officer that he did not know Appellant and stated that Appellant did not have permission to be on the property. *Id.* at 13. This evidence was deemed sufficient by the trial judge at the preliminary hearing to bind the matter over for trial. At the preliminary hearing, the municipal court judge heard oral argument regarding the facts of the case and refused to quash. N.T., 12/21/02, at 3.