J. S72017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| REGINALD C. SCOTT, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN KERESTES, EDWARD M. MARSICO | : | |
| JR., KATHLEEN KANE, | : | |
| | : | |
| Appellees | : | No. 785 MDA 2016 |

Appeal from the Order Entered February 22, 2013
In the Court of Common Pleas of Dauphin County
Civil Division at No.: 2013-CV-1243-MP

BEFORE: GANTMAN, P.J., DUBOW, J., and STRASSBURGER, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED JANUARY 19, 2017**

Appellant, Reginald C. Scott, appeals from the February 22, 2013

Order entered in the Dauphin County Court of Common Pleas dismissing his

"Writ of *Habeas Corpus Ad Subjiciendum*."  We affirm.

The Commonwealth Court described the tortured procedural history of

the instant case, so we need not repeat it here.  ***See Scott v. Kersetes***, No.

1123 C.D. 2015 (Pa. Cmwlth. Jan. 5, 2016) (unpublished memorandum).[1]

In summary, Appellant is serving a life sentence following his conviction by a

jury in 1975 for Second-Degree Murder and Robbery.  Appellant filed the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] We direct the parties to attach a copy of the Commonwealth Court's
January 5, 2016 memorandum to all future filings.  We attach a copy of the
Commonwealth Court's memorandum to this memorandum.

instant Petition, which he titled as a Writ of *Habeas Corpus Ad Subjiciendum*, on February 12, 2013. The trial court denied Appellant's Petition on February 22, 2013. Relevant for our purposes, the Commonwealth Court concluded that Appellant filed a timely Notice of Appeal on March 5, 2013. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

As an initial matter, we must address the proper nature of Appellant's Writ of *Habeas Corpus Ad Subjiciendum* and the instant appeal.[2] The trial court concluded Appellant's Writ constituted an improper attempt to circumvent the PCRA's timeliness requirements and denied Appellant's Writ without treating the filing as a PCRA Petition.[3] We agree in part and address Appellant's filing fundamentally challenging the legality of his sentence as a PCRA Petition rather than a Writ of *Habeas Corpus Ad Subjiciendum*.[4] ***See Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013) (holding

---

[2] We note that the Appellee's Brief filed by District Attorney Edward M. Marsico, Jr. characterizes Appellant's filing as a PCRA Petition, while the Appellee's Brief filed by the Pennsylvania Department of Corrections characterizes Appellant's filing as a Petition for Writ of *Habeas Corpus Ad Subjiciendeum*.

[3] The Commonwealth Court did not resolve the issue or opine on the nature of Appellant's filing.

[4] Insofar as one aspect of Appellant's sentencing claim is arguably properly presented as a Writ of *Habeas Corpus*—his issue alleging the "lack of sentencing order"—we direct Appellant to ***Joseph v. Glunt***, 96 A.3d 365, 372 (Pa. Super. 2014) (holding that the fact that the Department of Corrections did not possess sentencing order did not entitle prisoner to *habeas* relief).

that "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.").

Appellant presents the following four issues on appeal, reordered for ease of disposition:

> (1) Did the trial court abuse [its] discretion where on record evidence for purposes of United States Constitution, Fifth Amendment Double Jeopardy Clause, clearly shows that Appellant's conviction and sentence are patently illegal and as a question of federal law entitled [A]ppellant to relief?
>
> (2) Does the trial court's failure to conduct a proper hearing upon the Supreme Court's grant of original process constitute contempt of an order of the court?
>
> (3) Does the trial court's reopening of this case through an Order for settlement, arbitration, trial[,] or other disposition and subsequent failure to follow [its] own mandate/instructions constitute a second issue of contempt?
>
> (4) Does the trial court's failure to render a proper opinion pursuant to [Pa.R.A.P.] 1925(a) constitute an abdication of duty or abuse of discretion?

Appellant's Brief at 3.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its Order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). There is no right to a PCRA hearing; a hearing is unnecessary where the PCRA court can determine from the record that there are no genuine issues of material fact. ***Commonwealth v. Jones***, 942 A.2d 903, 906 (Pa. Super. 2008).

In his first issue, Appellant claims that his sentence is illegal and he presents a **Brady**[5] claim. Before addressing the merits of Appellant's claims, we must first determine whether we have jurisdiction to entertain the underlying PCRA Petition. **See Commonwealth v. Hackett**, 956 A.2d 978, 983 (Pa. 2008) (explaining that the timeliness of a PCRA Petition is a jurisdictional requisite).

Under the PCRA, any Petition "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A Judgment of Sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. **Commonwealth v. Albrecht**, 994 A.2d 1091, 1093 (Pa. 2010).

It is well-settled that the PCRA is intended to be the "sole means of achieving post-conviction relief." 42 Pa.C.S. § 9542; **see also Commonwealth v. Peterkin**, 722 A.2d 638, 640 (Pa. 1998). So long as the PCRA provides a potential remedy to a given claim, "the PCRA statute

---

[5] **Brady v. Maryland**, 373 U.S. 83 (1963).

subsumes the writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 465-66 (Pa. Super. 2013) (citation omitted).

A challenge to the legality of sentence is cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2)(vii); ***see also Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004). Similarly, a Brady claim is also cognizable under the PCRA. 42 Pa.C.S. § 9543(a)(2) (vi); ***see also Commonwealth v. Simpson***, 66 A.3d 253, 264 (Pa. 2013). When raising a challenge to the legality of his sentence, "a defendant cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*." ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

Here, Appellant presents two claims that are cognizable under the PCRA. Appellant conceded in his initial Petition that the trial court sentenced Appellant to a term of life imprisonment on June 23, 1975. Appellant did not file a direct appeal, thus, his Judgment of Sentence became final on July 23, 1975. In order to be timely, Appellant needed to submit any PCRA Petition by July 23, 1976. 42 Pa.C.S. § 9545(b)(3). Appellant filed this Petition on February 12, 2013, more than 36 years after the one-year deadline. Thus, Appellant's Petition is facially untimely.

Pennsylvania courts may consider an untimely PCRA petition, however, if the appellant pleads and proves one of the three exceptions set forth in 42 Pa.C.S. § 9545(b), which provides the following:

**(b) Time for filing petition.**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

(2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.

42 Pa.C.S. § 9545(b)(1)-(2). **See, e.g., Commonwealth v. Lark**, 746 A.2d 585, 588 (Pa. 2000) (reviewing specific facts that demonstrated the claim had been timely raised within 60-day timeframe).

As long as this Court has jurisdiction over the matter, a legality of sentencing issue is reviewable and cannot be waived. **Commonwealth v. Jones**, 932 A.2d 179, 182 (Pa. Super. 2007). However, a legality of sentencing issue must be raised in a timely filed PCRA Petition. **See** 42 Pa.C.S. § 9545(b)(1); **Commonwealth v. Fahy**, 737 A.2d 214, 223 (Pa. 1999) ("Although legality of sentence is always subject to review within the

PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto.").

After concluding that Appellant failed to plead and prove the applicability of one of the timeliness exceptions, the PCRA court properly dismissed this aspect of Appellant's Writ as an untimely PCRA Petition without a hearing. The PCRA court's dismissal is supported by the evidence of record and free of legal error. His attempts to obtain relief by titling his filing a Writ of *Habeas Corpus*, thus, fail.

In his second issue on appeal, Appellant argues that the trial court abused its discretion when it failed to conduct a hearing after the Pennsylvania Supreme Court granted his "Application for Leave to File Original Process" on September 4, 2013.

Appellant misconstrues our Supreme Court's Order. On September 4, 2013, our Supreme Court issued a *per curiam* Order that granted Appellant's Application for Leave to File Original Process and denied Appellant's Petition for *Writ of Habeas Corpus* on the merits. ***See Scott v. Kerestes***, No. 82 MM 2013 (Pa. filed September 4, 2013) (*per curiam*). Since the Supreme Court denied his Petition on the merits, Appellant could not return to the trial court to relitigate his Petition because the Supreme Court issued a final Order rejecting his claims completely. ***Cf***. ***Garwood v. Court of Common Pleas Philadelphia County***, 88 A.3d 969 (Pa. 2014) (*per curiam*) (granting "Application for Leave to File Original Process[,]" granting "Petition for Writ

of Mandamus and/or Extraordinary Relief [to the extent the Petition] requests mandamus relief[,]" and directing the trial court "to adjudicate Petitioner's pending petition for writ of *habeas corpus* within 90 days of this order.").

In his third issue, Appellant avers that the trial court improperly refused to hold a contempt hearing or impose any sanctions for opposing counsel's failure to comply with the trial court's April 8, 2015 Order directing the parties to submit a "Joint Status Report."

A trial court always retains inherent contempt powers to ensure compliance with its orders. **See Lachat v. Hinchcliffe**, 769 A.2d 481, 488 (Pa. Super. 2001) ("The purpose of a civil contempt proceeding is remedial. … Judicial sanctions are employed to coerce the defendant into compliance with the court's order").

Here, the trial court's April 8, 2015 Order directed the parties to file a Joint Status Report and proposed Case Management Order after observing "there has been no docket activity for at least two years." Trial Court Order, 4/8/15, at 1. The Order stated, in relevant part:

> Failure of each counsel for a party and/or *pro se* parties to fully and meaningfully participate in the filing of a comprehensive Joint Status Report will result in such party and/or counsel being compelled to attend a formal Sanctions/Contempt Hearing to determine appropriate civil sanctions including fines, sanction fees, preclusion orders, disciplinary referral, case dismissal, etc.

**Id**. at 2.

- 8 -

First, Appellant never filed a Petition for Contempt, so Appellant arguably waived this issue. *See* Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal."). Second, the trial court was not obligated to impose sanctions based on the plain terms of the Order. Rather, the trial court simply left open the door to contempt proceedings to ensure compliance with its Order. The Order served to clarify the court's expectations and to put the parties on notice that sanctions exist to ensure compliance with the trial court's Order "to fully and meaningfully participate" in filing a Joint Status Report. Trial Court Order, 4/8/15, at 2. The trial court retained the discretion to decide whether the parties complied with the Order, and if not, whether sanctions would be appropriate.

We discern no error of law regarding the trial court's refusal to conduct contempt proceedings or impose sanctions, particularly where Appellant failed to file a Petition for Contempt stating how any party failed to comply with the Order. Accordingly, Appellant's third issue is meritless.

In his fourth issue, Appellant complains that the trial court failed to submit a Pa.R.A.P. 1925(a) Opinion, which "constitute[d] an abdication of duty [and an] abuse of discretion." Appellant's Brief at 3.

Pa.R.A.P. 1925(a) states, in relevant part, as follows:

**(a) Opinion in support of order.**

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the

order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, **or shall specify in writing the place in the record where such reasons may be found**.

Pa.R.A.P. 1925 (emphasis added).

The trial court filed its Rule 1925(a) Opinion on June 14, 2016, which incorporated its February 22, 2013 Order and stated "the issues raised by Appellant … are adequately addressed in the February 22, 2013 Order, and no additional opinion will be filed." Trial Court Opinion, filed 6/14/16, at 1.

The trial court's formal Pa.R.A.P. 1925(a) Opinion directed this Court to the place in the record where the reasons for the Order may be found, namely, the February 22, 2013 Order. Accordingly, Appellant's claim is frivolous, unsupported by the record, and merits no relief.

In sum, Appellant's PCRA Petition was facially untimely and he did not plead and prove the applicability of any of the three statutory timeliness exceptions. Accordingly, the PCRA court properly dismissed Appellant's PCRA Petition. We, thus, affirm the denial of PCRA relief.

Order affirmed.

President Judge Gantman joins the memorandum.

Judge Strassburger concurs in the result.

J. S72017/16

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/19/2017



# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald C. Scott,

                   Appellant    :

v.                   :

John Kersetes, Edward M. Marsico, Jr.  :
and Kathleen Kane             :

2013 Cv 1243 mr

No. 1123 C.D. 2015
Submitted: November 6, 2015

BEFORE:    HONORABLE BERNARD L. McGINLEY, Judge
                HONORABLE ROBERT SIMPSON, Judge
                HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION
BY JUDGE SIMPSON**            **FILED: January 5, 2016**

        Reginald C. Scott (Scott), representing himself, appeals from an order of the Court of Common Pleas of Dauphin County (trial court) affirming the dismissal of his petition for writ of habeas corpus *ad subjiciendum* (petition) because he did not file an appropriate appeal to the appropriate appellate court within the relevant timeframe and directing the Prothonotary to mark the case closed. Scott claims the trial court erred by closing his case without first conducting a hearing or entering an opinion pursuant to Pa. R.A.P. 1925(a). Upon review, we are constrained to vacate and remand.

        Scott is an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy). He is serving a life sentence based on a 1975 conviction for second degree murder and robbery.

In February 2013, Scott commenced this action by filing the petition with the trial court against John Kerestes, Superintendent at SCI-Mahanoy, Edward M. Marsico, Jr., District Attorney of Dauphin County, and Kathleen Kane, Attorney General for the Commonwealth of Pennsylvania (collectively, Appellees). In essence, Scott argued his conviction, sentencing and imprisonment were illegal. Specifically, Scott claimed he was denied due process because authorities charged him with murder generally, not with second degree murder, for which he was convicted. He also asserted the Department of Corrections (Department) does not possess a copy of his signed sentencing order. On these grounds, he sought relief from the alleged unlawful restraint of his liberty.

On February 22, 2013, the trial court (through the Honorable Lawrence F. Clark, Jr.) entered an order denying the petition. The trial court explained Scott did not pay the required filing fee or petition for leave to proceed *in forma pauperis*. Nevertheless, the trial court determined Scott's petition was an improper filing under Section 6503 of the Judicial Code, 42 Pa. C.S. §6503. This Section provides: "an application for habeas corpus to inquire into the cause of detention may be brought by or on behalf of any person restrained of his liberty within this Commonwealth under any pretense whatsoever." 42 Pa. C.S. §6503(a). However, "[w]here a person is restrained by virtue of sentence after conviction for a criminal offense, the writ of habeas corpus shall not be available if a remedy may be had by post-conviction hearing proceedings authorized by law." 42 Pa. C.S. §6503(b).

The trial court found Scott attempted to resurrect an otherwise untimely filing through his petition when the proper vehicle for the averments alleged therein was a petition for post-conviction relief. Section 9542 of the Post Conviction Relief Act (PCRA), 42 Pa. C.S. §9542, provides an "action established in this subchapter shall be the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies for the same purpose that exist when this subchapter takes effect, including habeas corpus." Thus, the trial court concluded Scott's exclusive method of recourse was through the PCRA, and it denied Scott's petition. Tr. Ct. Order, 2/22/13 (Clark, J.).

On March 5, 2013, Scott filed a "notice of objections and appeal" with the trial court addressed to the Pennsylvania Supreme Court. See Certified Record (C.R.), Item No. 6. Then, in May 2013, Scott sought habeas relief from the Supreme Court by filing another petition for writ of habeas corpus *ad subjiciendum* and an application for leave to file original process.[1] On September 4, 2013, the Supreme Court granted Scott's application for leave to file original process, and it denied the petition for writ of habeas corpus. Scott v. Kerestes (Pa., No. 82 M.M. 2013, per curiam order filed September 25, 2013). Scott did not seek reconsideration, and the original jurisdiction case before the Supreme Court was closed.

---

[1] See Section 721 of the Judicial Code, 42 Pa. C.S. §721 (the Supreme Court shall have original but not exclusive jurisdiction of habeas corpus actions); Pa. R.A.P. 3307 (the initial pleading in an original jurisdiction action filed in the Supreme Court must be accompanied by an application for leave to file such pleading).

3

Notwithstanding, the matter initiated in the trial court remained open and inactive for two years. In May 2015, the trial court (through the Honorable Bruce F. Bratton) entered a notice of proposed termination for inactivity. Scott filed a statement of intention to proceed. The trial court then directed the parties to move the case forward toward settlement, arbitration, trial or other disposition. The trial court ordered the parties to file a comprehensive joint status report, and it advised if any party fails to participate in the filing of a joint status report, such party may be held in contempt.

Thereafter, Scott, acting alone, filed a document titled "Comprehensive Joint Status Report" report, which the trial court rejected because it did not contain the consent of all parties to the action. Tr. Ct. Order, 5/4/15 (Bratton, J.); see C.R., Item No. 12.

The Department, acting on behalf of Superintendent Kerestes, filed a suggestion of mootness. It asserted Scott never properly served any of the Appellees when he filed his petition with the trial court. After the trial court denied Scott's petition and dismissed the case, Scott sought relief from the Supreme Court by filing another petition, which the Court denied. The Department further asserted that Scott attempted to litigate the same issue on several occasions, which was likewise dismissed.[2] Insofar as Scott claimed he

---

[2] Specifically, the Department asserted Scott filed a federal complaint against Superintendent Kerestes and District Attorney Marsico, which the federal court dismissed under 28 U.S.C. §1915(2)(2)(B)(i) (authorizing dismissal of frivolous or malicious actions). See Certified Record, Item No. 13, at ¶¶9&10 & Ex. E. He also filed another petition against Superintendent Kerestes, which the trial court denied. Id. at ¶¶11 &12 & Ex. G.

4

should be released because the Department lacks a signed sentencing order, the Department asserted this argument lacks merit. On these grounds, the Department requested dismissal of the case as moot.

On May 27, 2015, the trial court affirmed the February 22, 2013 order, dismissed the petition, and directed the Prothonotary to mark the case closed. The trial court explained its "review of the docket shows that [Scott] did not file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15. The trial court reaffirmed its reasoning in its Rule 1925(a) statement, without further analysis. Tr. Ct. Order, 8/18/15 (Bratton, J.). Scott appealed to this Court.[3]

On appeal,[4] Scott asks whether the trial court erred when it dismissed his petition and closed the docket. He claims the trial court acted in contempt of the Supreme Court's order, which granted original process, by not conducting a

---

[3] We note that jurisdiction over this appeal properly lies with the Superior Court because the appeal involves an action in the nature of an application for a writ of habeas corpus. See Section 742 of the Judicial Code, 42 Pa. C.S. §742 (Superior Court has jurisdiction over appeals from final orders entered by the courts of common pleas unless such classes of appeals are within the exclusive jurisdiction of Commonwealth Court); Section 762(a)(1)(i) of the Judicial Code, 42 Pa. C.S. §762(a)(1)(i) (Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in original jurisdiction cases except actions or proceedings in the nature of applications for a writ of habeas corpus); see also Commonwealth v. Clutter, 615 A.2d 362, 364 (Pa. Super. 1992) (Superior Court has jurisdiction over an appeal from a final order denying a petition for the writ of habeas corpus). Since neither party objected to our jurisdiction, we will exercise our discretion to hear the merits of this appeal in the interests of judicial economy. See Commonwealth v. Snyder, 829 A.2d 783 (Pa. Cmwlth. 2003).

[4] The sole issue for review is whether trial court erred when it dismissed Scott's petition and closed the docket. As this presents a question of law, appellate review is plenary. Skipworth by Williams v. Lead Indus. Ass'n., Inc., 690 A.2d 169 (Pa. 1997).

5

proper hearing. In addition, Scott maintains the trial court violated its own order by not taking action against Appellees for their nonparticipation in the comprehensive joint status report. Finally, Scott asserts the trial court abdicated its duty or abused its discretion by not rendering an opinion in accordance with Pa. R.A.P. 1925(a).

First, we examine whether the trial court erred when it dismissed Scott's petition and closed the docket. According to the trial court, Scott "did not file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15. However, our review of the docket reveals Scott timely filed a notice of appeal with the trial court on March 5, 2013. C.R., Item No. 6, Notice of Appeal. March 5, 2013 is well within 30 days of the February 22, 2013 final order. See Pa. R.A.P. 903 (the notice of appeal must be filed within 30 days of the final order). Scott requested "appellate review in the Supreme Court of Pennsylvania for determination of whether or not remand is proper and the writ must issue." C.R., Item No. 6, Notice of Appeal, at 3.

Although the proper forum for appeal was the Superior Court, not the Supreme Court,[5] the validity of the appeal was not affected by this defect. Pa. R.A.P. 902; see Brown v. Levy, 993 A.2d 364 (Pa. Cmwlth. 2010). Rule 902 of the Pennsylvania Rules of Appellate Procedure provides, with emphasis added:

> An appeal permitted by law as of right from a lower court to <u>an appellate court</u> shall be taken by filing a notice of appeal with the clerk of the lower court within the time allowed by Rule 903 (time for appeal). <u>Failure of an</u>

---

[5] See 42 Pa. C.S. §742; Clutter.

6

> appellant to take any step other than the timely filing of a notice of appeal does not affect the validity of the appeal, but it is subject to such action as the appellate court deems appropriate, which may include, but is not limited to, remand of the matter to the lower court so that the omitted procedural step may be taken.

Id. The timely filing of the appeal constitutes substantial compliance with the rule. Stout v. Universal Underwriters Ins. Co., 421 A.2d 1047 (Pa. 1980); Levy. Dismissal for failure to take a step other than the timely filing of the appeal is not favored. Stout.

Upon review, Scott filed a timely notice of appeal with the trial court from the February 22, 2013 order. Consequently, we conclude the trial court erred by dismissing Scott's petition and closing the docket on the basis that he did not "file an appropriate appeal to the appropriate appellate court within the relevant time frame." Tr. Ct. Order, 5/27/15.

Notwithstanding, we are unable to discern what happened to Scott's appeal. It does not appear that the trial court transmitted the appeal to an appellate court pursuant to Pa. R.A.P. 905(b)[6] as our review of the dockets of the Supreme Court, Superior Court, as well as this Court shows no appeal.

---

[6] Rule 905(b) provides "[t]he clerk shall immediately transmit to the prothonotary of the appellate court named in the notice of appeal a copy of the notice of appeal showing the date of receipt ...."

7

Accordingly, we are constrained to vacate the trial court's May 27, 2015 order, and we remand to that court to process Scott's March 5, 2013 notice of appeal and to transmit it to the prothonotary of the Superior Court as timely filed.

_____
ROBERT SIMPSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Reginald C. Scott,      :

     Appellant   :

           :

  v.         :  No. 1123 C.D. 2015

           :

John Kersetes, Edward M. Marsico, Jr. :

and Kathleen Kane      :

## O R D E R

**AND NOW**, this 5th day of January, 2016, the order of the Court of Common Pleas of Dauphin County is hereby **VACATED** and this matter is **REMANDED** to the trial court for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

ROBERT SIMPSON, Judge

Certified from the Record

JAN - 5 2016

and Order Exit