J-A18005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| MICHAEL FRANK LANNING | |
| Appellant | No. 1761 WDA 2016 |

Appeal from the Order Entered October 28, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001679-2016

BEFORE:  BOWES, LAZARUS, AND OTT, JJ.

JUDGMENT ORDER BY BOWES, J.:                    **FILED JUNE 27, 2017**

Michael Frank Lanning appeals from the October 28, 2016 order denying his pretrial motion for *habeas corpus* relief.  We quash.

Appellant was charged with two counts each of rape, aggravated indecent assault, endangering the welfare of children, and indecent exposure, and four counts of indecent assault.  At the preliminary hearing, the charges were bound over premised upon hearsay information provided by the affiant for Appellant's arrest, Pennsylvania State Trooper Curtis Guntrum.  Appellant filed a petition for writ of *habeas corpus*, which was denied.  This appeal followed.

On appeal, the question presented is whether hearsay testimony is sufficient to establish a *prima facie* case where no other evidence is

presented. Appellant's brief at 5. Initially, we note that "it is firmly established that the denial of a *habeas corpus* claim, based upon the insufficiency of the evidence presented to the issuing authority, without a showing of exceptional circumstances[,] . . . will not provide a basis for immediate appellate review." **Commonwealth v. Hess**, 414 A.2d 1043, 1048 (1980); **accord Commonwealth v. Ricker**, 120 A.3d 349 (Pa.Super. 2015), *appeal granted*, 135 A.3d 175 (Pa. 2016); **Commonwealth v. Jackson**, 849 A.2d 1254, 1256 (Pa. 2004).

Appellant avers that exceptional circumstances exist herein because the issues presented are capable of being repeated yet evading appellate review. **See Ricker**, *supra*; **see also Commonwealth v. McClelland**, 2017 PA Super 163 (May 26, 2017). Appellant contends that use of hearsay by the affiant as the sole basis to support a *prima facie* case at a preliminary hearing violates his confrontation clause and due process rights. Appellant's brief at 12-13. However, these issues have been squarely addressed and rejected in **Ricker**, **supra** (confrontation clause did not prohibit Commonwealth from establishing *prima facie* case solely through the use of hearsay) and **McClelland**, **supra** (use of hearsay testimony from an affiant does not violate due process even though hearsay was sole basis upon which Commonwealth established *prima facie* case at preliminary hearing). Hence, the purported errors raised herein are no longer capable of being repeated and evading review, as review has been achieved. Furthermore, **Ricker** and

***McClelland*** constitute binding precedent on the issues presented herein, which prevents a finding of exceptional circumstances such as to warrant immediate review of the order herein. Hence, we quash this appeal,

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/27/2017