IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jarrett Castelonia,                     :
                    Petitioner          :
                                        :    No.  419 M.D. 2018
          v.                            :
                                        :    Submitted:  March 29, 2019
Pennsylvania Department of              :
Corrections and Pennsylvania            :
Board of Probation and Parole,          :
                    Respondents         :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ELLEN CEISLER, Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                             FILED:  May 15, 2019


          The Pennsylvania Department of Corrections (Department) and the
Pennsylvania Board of Probation and Parole (Board) have filed preliminary
objections to the petition for review filed in our original jurisdiction by Jarrett
Castelonia (Petitioner).

          On June 12, 2018, Petitioner filed a pleading captioned as a "Petition for
Writ of Habeas Corpus" (Petition).  The averments are relatively scant and are as
follows.  Petitioner is currently incarcerated at the State Correctional Institution at
Coal Township (SCI-Coal).  While Petitioner was evidently at liberty on parole,
serving a term of probation, or both, the police arrested him and he was charged with

a multitude of criminal offenses.[1]  On June 15, 2017, the Board, having assumed supervisory authority over Petitioner, and ostensibly acting through the Interstate Corrections Compact Act (Compact Act),[2] issued a detainer against Petitioner on behalf of the Commonwealth of Virginia.  The apparent legal basis for the detainer was potential violations of a probationary term that was imposed upon Petitioner by a court in Virginia, but was being served by Petitioner in Pennsylvania.  (Petition ¶¶3, 5, Ex. A-C.)

On July 1, 2017, while he was incarcerated awaiting disposition of the new criminal charges, Petitioner completed the maximum sentence on his Pennsylvania convictions.  On August 9, 2017, Petitioner was granted unsecured bail, but remained incarcerated solely as a result of the Board's detainer.  *Id.* ¶¶4-6, Ex. A-C.

In the Petition, Petitioner requests "that he be released from confinement because the Commonwealth of Virginia has failed to take custody of [him] even though [he] is ready, willing, and able to waive whatever extradition may be necessary so that he can be brought back to [] Virginia for processing on the alleged violations of his supervision," i.e., probation.  *Id.* ¶5.  Petitioner further contends that

---

[1] The criminal docket number is CP-49-CR-0000858-2017 in the Court of Common Pleas of Northumberland County.  This Court may take judicial notice of official court records and public documents, including the entries in a criminal docket sheet.  *See, e.g.*, Pa.R.E. 201(b)(2); *Germantown Cab Company v. Philadelphia Parking Authority*, 27 A.3d 280, 283 n.8 (Pa. Cmwlth. 2011); *Doxsey v. Commonwealth*, 674 A.2d 1173, 1174 (Pa. Cmwlth. 2004).

[2] 61 Pa.C.S. §§7101—7103.  *See generally* section 7122 of the Prisons and Parole Code, 61 Pa.C.S. §7122 (authorizing the Board, pursuant to the Federal interstate compact laws, to supervise persons that reside in the Commonwealth and were placed on probation or released on parole by other states).  The Compact Act has been enacted by 40 states, including Virginia.  *See* Va. Code Ann. §§53.1-216—53.1-217; *see also Trujillo v. Williams*, 465 F.3d 1210, 1218 n.8 (10th Cir. 2006).

his continued incarceration on the Board's detainer violates his constitutional rights to a hearing and speedy disposition of the charges against him. *Id.* ¶6. For relief, Petitioner seeks an order directing the Board to withdraw its detainer and the Department to release him immediately from custody.

The Board and the Department (collectively, Respondents) filed preliminary objections on September 27, 2018, asserting that this Court lacks subject matter jurisdiction and that Petitioner failed to state a claim upon which relief can be granted. On December 20, 2018, Respondents filed a brief in support of their preliminary objections. Petitioner did not file a responsive brief.

In their preliminary objections, Respondents argue that Petitioner failed to state a claim as a matter of law because he has not completed his Virginia sentence of probation and remains lawfully incarcerated on the Board's detainer.[3]

---

[3] If the Petition sounds predominately as one seeking a writ of habeas corpus, subject matter jurisdiction and venue would be vested with the court of common pleas that imposed the original judgment of sentence. *See Brown v. Pennsylvania Department of Corrections*, 81 A.3d 814, 815-16 (Pa. 2013) (per curiam). However, as alleged by Petitioner, his state sentence had expired, and he does not contest the legality of any sentence that was imposed upon him. *See Davis v. Pennsylvania Board of Probation and Parole*, 398 A.2d 992, 993-94 (Pa. 1979) (stating that "[j]urisdiction over complaints against State agencies or officers administrating the parole system which are not direct or collateral attacks on the conviction or sentence was vested exclusively in the Commonwealth Court"); *Gillespie v. Pennsylvania Department of Corrections*, 527 A.2d 1061, 1063-65 (Pa. Cmwlth. 1987). Rather, at its core, the Petition asserts that the Board lodged an unlawful detainer. In this regard, the Petition is most appropriately viewed, first and foremost, as a request for mandamus relief, over which this Court possesses original subject matter jurisdiction. *See McGriff v. Pennsylvania Board of Probation and Parole*, 613 A.2d 688, 689-90 (Pa. Cmwlth. 1992) (concluding that a petition sounded in mandamus and was within our original jurisdiction when the petitioner "alleged an error by the Board in the application of the regulations governing detainer orders"); *Pugh v. Pennsylvania Board of Probation and Parole*, 514 A.2d 284, 285-86 (Pa. Cmwlth. 1986) (concluding that a "petition to vacate the parole detainer," which alleged that the petitioner "was being unlawfully held since he was not granted a full Board hearing within 120 days of the preliminary hearing," stated a cognizable mandamus claim in our original jurisdiction).

Initially, although stylized as a writ of habeas corpus, we treat the Petition as a request for mandamus relief. *See supra* note 3.[4] Mandamus is an extraordinary writ that will only lie to compel official performance of a ministerial act or mandatory duty where there is a clear legal right in the plaintiff, a corresponding duty in the defendant, and want of any other appropriate and adequate remedy. *Jackson v. Vaughn*, 777 A.2d 436, 438 (Pa. 2001). To prevail on his particular mandamus claim, Petitioner must establish a clear legal right to be released or extradited from SCI-Coal, that the Board lodged an unlawful detainer, or that he is entitled to a hearing. *See McGriff v. Pennsylvania Board of Probation and Parole*, 613 A.2d 688, 689-90 (Pa. Cmwlth. 1992); *Pugh v. Pennsylvania Board of Probation and Parole*, 514 A.2d 284, 285-86 (Pa. Cmwlth. 1986); *Stover v. Pennsylvania Board of Probation and Parole* (Pa. Cmwlth., No. 231 M.D. 2015, filed November 17, 2015) (unreported), slip op. at 4 n.3.[5]

A purpose of the Compact Act is to afford probationers and parolees the opportunity to have their probation or parole supervised by a state other than the state in which the conviction occurred. *Fenton v. Pennsylvania Board of Probation and Parole*, 532 A.2d 1223, 1226 (Pa. Cmwlth. 1987). The Compact Act applies "to individuals who are placed on probation or released on parole from one state and are

---

[4] In ruling on preliminary objections in the nature of a demurrer, the Court must accept as true all well-pleaded material facts and all inferences reasonably deducible therefrom. *Barndt v. Pennsylvania Department of Corrections*, 902 A.2d 589, 592 (Pa. Cmwlth. 2006). However, the Court is not required to accept as true legal conclusions, unwarranted factual inferences, argumentative allegations, or expressions of opinion. *Armstrong County Memorial Hospital v. Department of Public Welfare*, 67 A.3d 160, 170 (Pa. Cmwlth. 2013) (en banc).

[5] *Stover* is an unreported panel decision, which, under our Internal Operating Procedures, may be cited for its persuasive value. Section 414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

permitted to reside in another state." *Van Dyke v. Pennsylvania Board of Probation and Parole*, 531 A.2d 579, 582 n.9 (Pa. Cmwlth. 1987). As a matter of practice and procedure under the Compact Act, it is not unusual for the probation/parole board of a supervising or "receiving state" to lodge a detainer on behalf of the state in which the conviction occurred, *i.e.*, the "sending state." *See, e.g.*, Article V(a) and (c) of section 7102 of the Compact Act, 61 Pa.C.S. §7102, Art. V(a) and (c); *Veneri v. State of Missouri*, 734 F.2d 391, 392 (8th Cir. 1984). This is because the Compact Act "provides that the receiving state acts solely as an agent for the sending state" and a prisoner is "subject to the jurisdiction of the sending state at all times." *Butler v. Pennsylvania Board of Probation and Parole*, 989 A.2d 936, 941 (Pa. Cmwlth. 2010).

Generally speaking, a detainer acts as a hold on the prisoner's release from confinement until the sending state, here, Virginia, "has had an opportunity to determine whether it will pursue the parole or probation violation charges." WILE, PENNSYLVANIA LAW OF PROBATION AND PAROLE §12:15 (3d ed. 2010). Unlike a request for extradition, where a sending state formally and officially seeks to have a prisoner transferred to its custody from the state in which the prisoner is incarcerated, a detainer is an internal administrative mechanism whereby the sending state provides notice and requests that the prisoner remain incarcerated and in the custody of the receiving state. *See Moody v. Daggett*, 429 U.S. 78, 81 n.2 (1976); *Commonwealth v. Davis*, 786 A.2d 173, 175 (Pa. 2001). By its very nature, a detainer is designed to assure that a prisoner subjected to an unexpired sentence will not be released from the custody of the receiving state before the sending state which is asserting a probation or parole violation can make arrangements to return the prisoner to its custody or otherwise render a decision on whether to revoke parole or probation. *See Moody*, 429 U.S. at 81 n.2; *Bills v. Shulsen*, 700 P.2d 317, 317-18 (Utah 1985).

Here, during all relevant times, Petitioner was subject to a term of probation imposed by a court in Virginia. After his arrest, the filing of new criminal charges, and the grant of unsecured bail, Petitioner remained incarcerated in Pennsylvania on the Board's detainer awaiting the disposition of the new criminal charges. Notwithstanding Petitioner's alleged completion of his Pennsylvania sentence and seeming desire to be extradited to Virginia, Pennsylvania courts cannot compel Virginia authorities to initiate extradition proceedings, *see Commonwealth v. Clutter*, 615 A.2d 362, 365 (Pa. Super. 1992), and Petitioner does not aver that Virginia has filed a written request that he be returned to that state's custody, *see Commonwealth v. Williams*, 896 A.2d 523, 536 n.5 (Pa. 2006). It is true that the Uniform Interstate Agreement on Detainers (IAD),[6] which is referenced by Petitioner in Exhibit B, provides procedures that permit a prisoner against whom a detainer has been lodged to initiate the disposition of pending charges himself and obtain an extradition or transfer from the receiving state to the sending state in order to have those charges tried. *Clutter*, 615 A.2d at 365-66; *see New York v. Hill*, 528 U.S. 110, 112 (2000); WILE, §12:18. However, the IAD "is not applicable when the detainer is based on a probation or parole violation." *Clutter*, 615 A.2d at 365-66. Such is the case here. Therefore, Petitioner's averment that he is ready and willing to waive extradition is immaterial because he has no clear right to be extradited to Virginia.

Moreover, even if Virginia desired to pursue proceedings to revoke Petitioner's probation, the Board has not provided the consent necessary for Petitioner to be returned to Virginia. In these circumstances, Article V(a) of section 7102 of the Compact Act plainly states that Petitioner must remain confined at SCI-Coal and "shall not be returned" until the outstanding new criminal charges in

---

[6] 42 Pa.C.S. §§9101-9108.

6

Pennsylvania are resolved—either when Petitioner is "discharged from prosecution" or during subsequent "imprisonment." 61 Pa.C.S. §7102, Art. V(a).[7] In light of this statutory provision, Petitioner has not pleaded facts establishing that he has a clear right to be released from custody under the Compact Act or that he is being held on an unlawful detainer.

Finally, a probationer or parolee imprisoned for a crime committed while on probation or parole is not constitutionally entitled to a prompt revocation hearing on a warrant lodged as a detainer. *Clutter*, 615 A.2d at 365. This remains true even where one state lodges a detainer against a probationer or parolee imprisoned in another state's institution. *Id.* Instead, as a matter of constitutional law, a revocation hearing may be postponed until the probationer or parolee is eligible to be returned to the sending state, which can occur no earlier than a favorable disposition of the new criminal charges and no later than completion of the sentence imposed on those charges. *See State v. Hernandez*, 730 N.W.2d 96, 99-102 and n.13 (Neb. 2007)

---

[7] In its entirety, Article V(a) of section 7102 of the Compact Act, under the heading "Acts Not Reviewable in Receiving State: Extradition," states the following:

> Any decision of the sending state [*i.e.*, Virginia] in respect of any matter over which it retains jurisdiction pursuant to this compact shall be conclusive upon and not reviewable within the receiving state [*i.e.*, Pennsylvania], **but if** at the time the sending state seeks to remove an inmate from an institution in the receiving state **there is pending against the inmate within such state any criminal charge** or if the inmate is formally accused of having committed within such state a criminal offense*,* **the inmate shall not be returned** without the consent of the receiving state **until discharged from prosecution or other form of proceeding, imprisonment or detention for such offense**.

61 Pa.C.S. §7102, Art. V(a) (emphasis added).

(collecting cases); *Semick v. Department of Corrections*, 477 A.2d 707, 710 (Del. 1984).[8]

Under the Compact Act, the laws of Virginia govern Petitioner's right to a revocation hearing. *See* Va. Code Ann. §53.1-216(f); 61 Pa.C.S. §7102, Art. V(f). In *Rease v. Commonwealth*, 316 S.E.2d 148 (Va. 1984), the Supreme Court of Virginia held that where, as here, Virginia authorities place a detainer on a probationer in a foreign jurisdiction, the probationer "has no constitutional or statutory right to force the trial court to decide the revocation issue." *Id.* at 152-53. Rather, the court concluded, it is "entirely proper" to defer decision on the probation violation until the criminal charges in the foreign jurisdiction are resolved. *Id.* at 153. Therefore, Petitioner has not sufficiently alleged that he was legally entitled to a hearing at the point in time the Petition was filed or that his right to a prompt revocation hearing was infringed.

Having determined that Petitioner has failed to state a cognizable claim for mandamus relief, we sustain Respondents' preliminary objections and dismiss the Petition.

_____
PATRICIA A. McCULLOUGH, Judge

---

[8] *See also Williams v. Pennsylvania Board of Probation and Parole*, 751 A.2d 703, 707-08 (Pa. Cmwlth. 2000); *Brown v. Pennsylvania Board of Probation and Parole*, 453 A.2d 1068, 1071-72 (Pa. Cmwlth. 1982); *Commonwealth v. Young*, 396 A.2d 741, 742 (Pa. Super. 1978); WILE, §12:16.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jarrett Castelonia,                                  :
                Petitioner        :
                                     :   No.  419 M.D. 2018
             v.                                :
                                     :
Pennsylvania Department of                           :
Corrections and Pennsylvania                         :
Board of Probation and Parole,                       :
               Respondents        :

## _ORDER_

      AND NOW, this 15th day of May, 2019, the preliminary objections filed by the Pennsylvania Department of Corrections and the Pennsylvania Board of Probation and Parole are hereby SUSTAINED, and the petition for review filed by Jarrett Castelonia is hereby DISMISSED.


                                 _____
                                 PATRICIA A. McCULLOUGH, Judge