J-S74027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| BRANDON BROWN | |
| Appellant | No. 3796 EDA 2017 |

Appeal from the Judgment of Sentence imposed April 24, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0009821-2011

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY STABILE, J.:                **FILED FEBRUARY 21, 2019**

Appellant, Brandon Brown, appeals from the judgment of sentence imposed on April 24, 2014 in the Court of Common Pleas of Philadelphia County following his conviction of firearms violations and possession of drug paraphernalia.  Appellant argues that the verdict was contrary to law, in light of evidence presented at trial, and that the trial court erred in denying various pre- and post-sentence motions.  Following review, we affirm.

In his Rule 1925(a) opinion, the Honorable Daniel D. McCaffery provided the following procedural background:

> On February 27, 2014, Appellant was tried before this court, sitting without a jury, and was found guilty of the crimes of possession of firearm by a prohibited person, 18 Pa.C.S. § 6105, firearms not to be carried without a license, 18 Pa.C.S. § 6101, carrying firearms on a public street, 18 Pa.C.S. § 6108, and possession/use-drug paraphernalia, 35 P.S. § 780-113(A)(32). The matter had previously been before the Honorable Stephen R.

Geroff who heard and denied Appellant's various motions to suppress. On April 24, 201[4], this court imposed an aggregate sentence of two to five years' incarceration followed by two years' reporting probation. On April 30, 2014, Appellant filed a post-sentence motion, which was denied by operation of law on August 29, 2014.

Appellant did not file a notice of appeal following the denial of his post-sentence motion. However, Appellant filed a timely petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, and this court issued an order granting Appellant the right to file a notice of appeal *nunc pro tunc*, which he filed on November 9, 2017. On December 7, 2017, Appellant's counsel filed a court-ordered Pa.R.A.P. 1925(b) statement of matters to be raised on appeal.

Rule 1925(a) Opinion, 3/27/18, at 1-2 (some capitalization omitted). After summarizing the underlying facts of Appellant's case, Judge McCaffery addressed the first two of the five "errors" asserted by Appellant in his Rule 1925(b) statement. At the request of Judge McCaffery, Judge Geroff issued an opinion addressing the remaining three "errors" related to the pre-trial motions on which Judge Geroff ruled. Opinion on Pre-Trial Motions, 5/3/18.

The Rule 1925(b) statement filed by appellate counsel states, in its entirety:

[Appellant], by his attorney, Peter A. Levin, respectfully notes the following matters to be raised on appeal, pursuant to Pennsylvania Rules of Appellate Procedure 1925(b):

1. The verdict was contrary to law on the firearms and drug offenses for the reasons stated by trial counsel at the trial.

2. The court was in error in denying the post sentence motions.

- 2 -

3. The court (Judge Geroff) was in error in denying the Motion to Quash.

4. The court (Judge Geroff) was in error in granting and then reversing [Appellant's] Motion to Suppress.

5. The court (Judge Geroff) was in error in denying the Four Corners Motion filed by [Appellant].

Respectfully submitted,

/s/ Peter A. Levin

Statement of Matters Complained on Appeal, 12/7/17, at 1-2.

In his Rule 1925(a) opinion, Judge McCaffery appropriately recognized the mandate of Rule 1925(b)(4)(ii), which directs that an appellant's concise statement of errors complained of on appeal shall "concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Rule 1925(a) Opinion, 3/27/18, at 4 (quoting Pa.R.A.P. 1925(b)(4)(ii)). Further, "[a] Rule 1925(b) statement 'must be sufficiently specific so as to afford the trial court the ability to draft a meaningful opinion without resorting to speculation regarding what issues or arguments appellant wishes to present.'" *Id.* (quoting *Kern v. Kern*, 892 A.2d 1, 6 (Pa. Super. 2005) (in turn citing *Commonwealth v. Dowling*, 778 A.2d 683 (Pa. Super. 2001) (*Lord*[1] waiver doctrine bars review of issues presented in Pa.R.A.P. 1925(b) statement where Pa.R.A.P. 1925(b) statement is too vague to permit meaningful appellate review)). Moreover, "a concise

_____

[1] *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998).

- 3 -

statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no Concise Statement at all." *Id.* (quoting *Commonwealth v. Lemon*, 804 A2d 34, 37 (Pa. Super. 2002) (in turn citing *Dowling*, 778 A.2d at 686-87)).

It is apparent on the face of Appellant's Rule 1925(b) statement that Appellant has listed nothing more than five conclusory statements of trial court error without specifying any detail that might identify pertinent issues for the trial judges to consider. Judge McCaffery, to whom the first two allegations of error are addressed, looked to case law, including *Kern, Dowling* and *Lemon*, and suggested that Appellant's first Rule 1925(b) claim, *i.e.*, that the verdict was contrary to law "for the reasons stated by trial counsel at the trial," "be deemed waived for lack of specificity in the 1925(b) statement. It is not this [c]ourt's job to comb the record to discern what arguments trial counsel may have made and to guess which of those Appellant is currently referring [to] and intends to raise on appeal." Trial Court Rule 1925(a) Opinion, 3/27/18, at 5.

Although he suggested that the issue was waived, Judge McCaffery embarked on an attempt to address the claim, examining statements made in counsel's closing argument, speculating as to Appellant's bases for challenging the sufficiency of evidence, and concluding that the evidence was sufficient to support Appellant's conviction of firearms and paraphernalia offenses. *Id.* at 5-8. While Judge McCaffery's efforts are laudable, a trial judge should not

have to "resort[] to speculation regarding what issues or arguments appellant wishes to present." **Kern**, 892 A.2d at 6. In **Lemon**, this Court "specifically conclude[d] that when an appellant fails to identify in a vague Pa.R.A.P. 1925(b) statement the specific issue he/she wants to raise on appeal, the issue is waived, even if the trial court guesses correctly and addresses the issue in its Pa.R.A.P. 1925(a) opinion." **Lemon**, 804 A2d at 38. Further,

[a]s this Court has consistently held:

> If Appellant wants to preserve a claim that the evidence was insufficient, then the 1925(b) statement needs to specify the element or elements upon which the evidence was insufficient. This Court can then analyze the element or elements on appeal. Where a 1925(b) statement does not specify the allegedly unproven element, the sufficiency issue is waived on appeal.

**Commonwealth v. Tyack**, 128 A.3d 254, 260 (Pa. Super. 2015) (quoting **Commonwealth v. Williams**, 959 A.2d 1252, 1257 (Pa. Super. 2008) (additional citation and alterations omitted)). Appellant's first issue, as set forth in his Rule 1925(b) statement and as reframed in his brief,[2] is waived.

In both his Rule 1925(b) statement and his brief, Appellant's second claim is an assertion of "error in denying [Appellant's] post-sentence motions."

---

[2] Appellant reframed his first issue in his brief, asking this Court to consider "[w]hether the verdict was insufficient as a matter of law, due to the inconsistency and insufficiency of testimony, and whether the elements of the crimes were sufficiently proven given the facts as alleged at trial." Appellant's Brief at 8, ¶ 1. As with his Rule 1925(b) statement, Appellant fails to "specify the element or elements upon which the evidence was insufficient" and his "sufficiency issue is waived on appeal." **Tyack**, 128 A.3d at 260.

- 5 -

Rule 1925(b) Statement at ¶ 2; Appellant's Brief at 8, ¶ II. Again, Judge McCaffery contends the issue is too vague to address. Rule 1925(a) Trial Court Opinion, 3/27/18, at 8. We agree. Moreover, in his brief, after disputing the trial court's vagueness assertion, Appellant reveals that he is actually challenging the discretionary aspects of his sentence. Appellant's Brief at 16. However, Appellant did not include the mandatory Rule 2119(f) statement of reasons relied upon for allowance of appeal. While this defect may be waived if not raised by the Commonwealth, *see Commonwealth v. Krum*, 533 A.2d 134, 138 (Pa. Super. 1987), the Commonwealth did preserve its objection. *See* Commonwealth Brief at 12 (citing *Commonwealth v. Tuladziecki*, 522 A.2d 17, 20 (Pa. 1987)). "[I]f the appellee objects to a 2119(f) omission . . . this Court is precluded from reviewing the merits of the claim and the appeal must be denied." *Commonwealth v. Kiesel*, 854 A.2d 530, 533 (Pa. Super. 2004) (citations omitted). Even if reviewable, Appellant's sole challenge raised in his brief is a claim the trial court failed to consider mitigating factors. "A claim that a sentencing court failed to consider certain mitigating factors does not raise a substantial question that the sentence is inappropriate." *Commonwealth v. Lewis*, 911 A.2d 558, 567 (Pa. Super. 2006) (citations omitted). Appellant's second issue, even if not waived for lack of specificity or for failure to include a Rule 2119(f) statement, would fail for lack of merit.

Appellant's remaining three claims involve pre-trial rulings made by Judge Geroff. As with Appellant's first two claims, Appellant has failed to

preserve these claims for appellate review by failing to provide any detail in his Rule 1925(b) statement. The claims are waived as a result.[3] Even if not waived, these claims are likewise devoid of merit.

In his third claim, Appellant contends the trial court erred in denying his motion to quash the transcript of his preliminary hearing. Judge Geroff properly rejected this claim as moot. As our Supreme Court has explained:

> The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish that a crime was committed and a probability that the defendant was connected therewith. **See Commonwealth v. Jackson**, 849 A.2d 1254, 1257 (Pa. Super. 2004) (holding same). . . . [It is not] the purpose of a preliminary hearing to prove a defendant's guilt. Indeed, once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial. **See id.**

**Commonwealth v. Sanchez**, 82 A.3d 943, 984 (Pa. 2013). Appellant is not entitled to any relief on his third claim.[4]

_____

[3] Just as Appellant's Rule 1925(b) statement fails to specify the nature of the claims, Appellant's Statement of Questions Presented likewise simply asserts error with regard to these three rulings without any detail. Appellant's Brief at 8, ¶¶ III-V.

[4] We note that the charges filed against Appellant included only firearms violations and drug charges. Consequently, we are perplexed by Appellant's argument that "[n]either could the confession of a co-defendant form the basis of a prima facie case against Appellant at the preliminary hearing where no testimony was elicited from any complainant that a robbery or any of its lesser charges, excepting receipt of stolen property occurred." Appellant's Brief at 18. There was no confession, co-defendant, robbery, or receipt of stolen property involved in the case before us. We can only surmise that a "cut-and-paste" mishap occurred in the preparation of Appellant's brief.

In his fourth claim, Appellant argues the trial court erred by granting and then denying his motion to suppress. Appellant asserts his arrest was the result of racial profiling. However, as Judge Geroff explained, the testimony revealed that the arresting officer had reasonable suspicion that criminal activity was afoot and acted properly when he approached Appellant, spoke to him, and searched him for safety. Opinion on Pre-Trial Motions, 5/3/18, at 2-5. While, once again, we find the issue waived, we also conclude it would fail for lack of merit even if preserved. Appellant's fourth claim warrants no relief.

In his fifth claim, Appellant maintains that the trial court erred by denying his four corners motion. Once again, as phrased in his Rule 1925(b) statement, this claim is waived due to lack of specificity. Even if not waived, the claim lacks merit.

Appellant suggests the affidavit of probable cause "fails to specify the reliability of the drug testing dog as well as the experience of the arresting officer in identifying narcotics or drug paraphernalia." Appellant's Brief at 23. Therefore, he argues, the affidavit failed to establish probable cause. *Id.* We do not agree. As Judge Geroff explained, the arresting officer testified that he had six years' experience and had participated in between 100 and 150 drug arrests. The officer knew from experience that the location in question was a "hot spot" for drug and shooting activities; he recognized Appellant's actions were unusual; and he testified that Appellant stuttered and was

extremely nervous when addressed.  Opinion on Pre-Trial Motions, 5/3/18, at 4.  As for the K-9 partner,

> [a]ccording to the search warrant, the police officers, after observing two suspicious bags inside the vehicle, summoned a K-9 officer and his canine partner "Brito."  The affidavit of probable cause stated, "Brito had a positive reaction for narcotics on the driver's side door and the passenger's side door."
>
> [Appellant] maintained that the affidavit of probable cause should have stated grounds on which to believe that Brito was reliable, much as an affidavit of probable cause must state the basis for believing that a confidential informant was credible.  While it is true that an affidavit of probable cause based on information from a confidential informant must set forth some basis to establish the reliability, **Commonwealth v. Clark**, 28 A.3d 1284 (Pa. 2011), Pennsylvania law does not require that an affidavit of probable cause set forth the reliability of a drug testing dog.

Opinion on Pre-Trial Motions, 5/3/18, at 5.  Even if not waived, Appellant's fifth issue provides no basis for relief.

All of Appellant's issues are waived for failure to comply with the dictates of Pa.R.A.P. 1925(b).  Regardless, all of the issues would fail for lack of merit.

Judgment affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/21/19