J-S65036-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC K. HARRISON, | |
| Appellant | No. 801 EDA 2014 |

Appeal from the Judgment of Sentence May 11, 2012
in the Court of Common Pleas of Monroe County
Criminal Division at No.: CP-45-CR-0001542-2011

BEFORE: PANELLA, J., OLSON, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.:                    **FILED FEBRUARY 26, 2015**

Appellant, Eric K. Harrison, appeals from the judgment of sentence imposed after his conviction, following a jury trial, of criminal conspiracy, use or possession of drug paraphernalia, and three counts of possession of a controlled substance (heroin, Alprazolam, and Buprenorphine).[1] We affirm.

This Court previously summarized the factual and procedural history of this case as follows:

> On June 16, 2011, Mr. Matt Stahl was driving his vehicle with Appellant in the passenger's seat when Pennsylvania State Trooper Gregory Yanochko stopped the vehicle for a traffic

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 903(a)(1), 35 P.S. §§ 780-113(a)(32), 780-113(a)(16), respectively. This case returns to us after remand. (**See Commonwealth v. Harrison**, No. 276 EDA 2013, unpublished memorandum at *4 (Pa. Super. filed Jan. 31, 2014)).

violation. Appellant and Mr. Stahl told Trooper Yanochko they were returning from New York City where they had been visiting friends. Trooper Yanochko noticed Appellant and Mr. Stahl appeared nervous and requested permission to search the vehicle, which Mr. Stahl granted. Trooper Yanochko found $3,020.00 and a hypodermic needle in the center console of the car. He also found a Pringles potato chip container that contained 180 bags of heroin, Alprazolam[,] and Buprenorphine, prescription pills for individuals experiencing heroin withdrawal. Mr. Stahl told Trooper Yanochko the money and the pills were his property. Trooper Yanochko's partner searched Appellant and found a hypodermic needle in Appellant's pants. Appellant told Trooper Yanochko that Mr. Stahl had given Appellant two packets of heroin, earlier that day, and that Appellant had used both packets.

Appellant was charged with possession with intent to manufacture or deliver, conspiracy to commit possession with intent to manufacture or deliver, possession of drug paraphernalia, and three counts of possession of a controlled substance for the heroin, Alprazolam, and Buprenorphine. Appellant filed a pretrial *habeas corpus* motion, which the trial court denied on November 18, 2011, after a hearing. On March 15, 2012, a jury convicted Appellant of criminal conspiracy, possession of drug paraphernalia, and [three] counts of possession of a controlled substance. On May 11, 2012, the court sentenced Appellant to an aggregate term of three and a half (3½) to seven (7) years' imprisonment.

(**Harrison**, 276 EDA 2013, at *1-2).

Appellant timely filed a post-sentence motion on May 25, 2012, and a brief in support of the motion on September 21, 2012. The court did not decide the motion within 120 days, nor did the Monroe County Clerk of

- 2 -

Courts enter an order that the motion was deemed denied by operation of law.[2] Appellant appealed on January 18, 2013.[3]

On January 31, 2014, this Court quashed the appeal as interlocutory and remanded for disposition of Appellant's post-sentence motion. (*See* ***Harrison***, 276 EDA 2013, at *4). The court denied Appellant's post-sentence motion on February 7, 2014.[4] Appellant timely appealed on March 6, 2014.[5]

Appellant raises the following questions for our review:

> 1)    Did the [trial court] err when [it] denied [Appellant's] *habeas corpus* motion[6] finding that the Commonwealth could demonstrate a *prima facie* case against him for possession, possession with intent to deliver, and conspiracy to commit possession with intent to deliver heroin, Alprazolam, and [Buprenorphine]?

---

[2] ***See*** Pa.R.Crim.P. 720(B)(3)(a).

[3] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on February 12, 2013. The court entered its Rule 1925(a) opinions on March 21, 2013, addressing Appellant's issue two, and on March 25, 2013, addressing issue one. ***See*** Pa.R.A.P. 1925.

[4] On February 12, 2014, the court amended the order to correct a typographical error.

[5] Pursuant to the court's order, Appellant filed a timely Rule 1925(b) statement on March 27, 2014. The court entered its Rule 1925(a) opinions on April 9, 2014, addressing Appellant's issue two, in which it incorporated and attached its March 21, 2013 opinion; and April 17, 2014, addressing issue one, in which it incorporated its March 25, 2013 opinion. ***See*** Pa.R.A.P. 1925.

[6] We note that Appellant filed his *habeas* issue as part of his motion to suppress. (***See*** Motion to Suppress, 10/11/11, at unnumbered page 3).

2)    Was the jury's verdict finding [Appellant] guilty of conspiracy to commit possession with intent to deliver, and possession [of controlled substances] against the weight of the evidence?

(Appellant's Brief, at 5) (some capitalization omitted).

In his first issue, Appellant argues that the court erred in denying his *habeas corpus* motion where the evidence was insufficient to establish a *prima facie* case for constructive possession of the drugs.  (***See*** Appellant's Brief, at 10-13).

This Court has held that "[o]nce appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial."  ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004) (citing ***Commonwealth v. Tyler***, 587 A.2d 326, 328 (Pa. Super. 1991), *appeal quashed*, 617 A.2d 1263 (Pa. 1992)).

Here, a jury convicted Appellant on March 15, 2012 following a jury trial.  (***See*** Verdict, 3/15/12, at unnumbered page 1; N.T. Trial, 3/15/12, at 140-42).  Accordingly, this issue does not merit relief.

Moreover, this issue is waived.  "Issues not included in the [Rule 1925(b) statement] and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."  Pa.R.A.P. 1925 (b)(4)(vii).  A defendant must preserve for appellate review a challenge to the denial of a motion to suppress by raising it with the trial court and presenting it in a timely filed Rule 1925(b) statement.  ***See Commonwealth v. Dixon***, 997 A.2d 368,

373 n.7 (Pa. Super. 2010) (*en banc*), *appeal denied*, 26 A.3d 482 (Pa. 2011).

Here, Appellant's claim of insufficient evidence is not included in his Rule 1925(b) statement. (**See** Appellant's Statement Pursuant to Pa.R.A.P. 1925(b), 3/27/14, at unnumbered page 1). Instead, he asserts that "the court erred in denying [his] habeas motion . . . [by] indicat[ing] that [Appellant] was in possession of heroin when he was arrested, which is not correct." (**Id.** at ¶2). Accordingly, Appellant's first issue is waived. **See** Pa.R.A.P. 1925 (b)(4)(vii); **Dixon**, **supra** at 373.[7]

Appellant's second issue challenges the weight of the evidence. (**See** Appellant's Brief, at 13).

Our standard of review is well-settled:

> The weight given to trial evidence is a choice for the factfinder. If the factfinder returns a guilty verdict, and if a criminal defendant then files a motion for a new trial on the basis that the verdict was against the weight of the evidence, a trial court is not to grant relief unless the verdict is so contrary to the evidence as to shock one's sense of justice.
>
> When a trial court denies a weight-of-the-evidence motion, and when an appellant then appeals that ruling to this Court, our review is limited. It is important to understand we do not reach the underlying question of whether the verdict was, in fact,

---

[7] Moreover, upon our independent review, we conclude that in viewing the evidence in the light most favorable to the Commonwealth, the trial court did not err in concluding that the Commonwealth presented sufficient evidence to establish a *prima facie* case of constructive possession. **See** **Commonwealth v. Kinard**, 95 A.3d 279, 292 (Pa. Super. 2014) (*en banc*), *appeal denied*, 63 A.3d 1243 (Pa. 2013).

against the weight of the evidence. We do not decide how we would have ruled on the motion and then simply replace our own judgment for that of the trial court. Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion, whether or not that decision is the one we might have made in the first instance.

Moreover, when evaluating a trial court's ruling, we keep in mind that an abuse of discretion is not merely an error in judgment. Rather, it involves bias, partiality, prejudice, ill-will, manifest unreasonableness or a misapplication of the law. By contrast, a proper exercise of discretion conforms to the law and is based on the facts of record.

*Commonwealth v. Ferguson*, 2015 WL 49438, at *4-5 (Pa. Super. filed Jan. 5, 2015) (citation omitted).

Here, Appellant claims that the jury's "verdict finding [him] guilty of conspiracy to commit possession with intent to deliver and possession [of controlled substances] was against the weight of the evidence and the verdict should be overturned and remanded for a new trial." (Appellant's Brief, at 13) (capitalization omitted).[8] Specifically, he argues that he was convicted "based on the untrustworthy and unreliable testimony of his co-defendant, Matthew Stahl. . . . [and w]ithout Mr. Stahl's testimony, the Commonwealth would have had an extremely weak constructive possession case against [him] . . . ." (*Id.* at 14-15). We disagree.

We note that, concerning Appellant's challenge to Mr. Stahl's testimony, "the jury is free to believe all, part, or none of the evidence and

---

[8] Appellant concedes there was sufficient evidence to convict him of possession of drug paraphernalia. (*See* Appellant's Brief, at 13).

to determine the credibility of the witnesses." ***Ferguson***, ***supra*** at *5 (citation and internal quotation marks omitted).

Moreover, our independent review of the record reflects that Trooper Yanochko observed Appellant looking and acting nervous. (***See*** N.T. Trial, 3/15/12, at 18-19). Trooper Yanochko found $3,020.00 and a hypodermic needle in the center console of the vehicle; Alprazolam and Buprenorphine prescription pills, and 180 bags of heroin in a Pringles potato chip container in close proximity to Appellant; and a hypodermic needle on Appellant's person. (***See id.*** at 21-23). Appellant appeared to be under the influence of a narcotic, admitted to using heroin regularly, and specifically to using two bags of heroin received from Mr. Stahl that day. (***See id.*** at 18, 28, 35, 38-39).

Additionally, Pocono Mountain Regional Police Corporal Lucas D. Bray testified, as an expert, that it is common practice for the passenger to solicit the driver for a ride in drug trafficking. (***See id.*** at 77). Corporal Bray further testified that it was his professional opinion that the heroin "was possessed with intent to deliver." (***Id.*** at 78).

Accordingly, we discern no abuse of discretion in the trial court's determination that the jury's verdict did not shock one's sense of justice. ***See Ferguson***, ***supra*** at *4-5. Therefore, Appellant's second issue lacks merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/26/2015</u>