J-S46008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| DARREN BURCH | |
| Appellee | No. 1219 EDA 2014 |

Appeal from the Order March 18, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0000329-2014

BEFORE:  MUNDY, J., OLSON, J., and MUSMANNO, J.

MEMORANDUM BY MUNDY, J.:                    **FILED JULY 21, 2015**

The Commonwealth appeals[1] from the March 18, 2014 order, denying its motion to refile certain charges stemming from a robbery in Philadelphia, after the municipal court dismissed the same against Appellee, Darren Burch.[2]   After careful review, we reverse and remand for further proceedings.

The trial court summarized the relevant factual history of this case as follows.

> At the preliminary hearing in this case, Elliott Weiss testified that he was with a friend on the 2100

---

[1] The Commonwealth has certified in its notice of appeal that the trial court's order terminates or substantially handicaps its prosecution pursuant to Pennsylvania Rule of Appellate Procedure 311(d).

[2] We note that Appellee has elected not to file a brief in this matter.

block of Catherine Street in Philadelphia at approximately 10:15 p.m. on December 1, 2013[,] when two males came up from behind. One man put his arm around Mr. Weiss' neck, placed a gun to his head and demanded that he give them his cell phone. Mr. Weiss complied by reaching into his coat pocket and handing over the phone. The assailants then turned around and took a couple steps before demanding to see Mr. Weiss' wallet. Mr. Weiss immediately opened his wallet, took out the cash and handed it to one of the men.

When the robbers left, Mr. Weiss called "911" from his friend's cell phone. In that call he described both of his assailants as clean shaven. He estimated one man's height as 5'10" and the other as 5'7". Philadelphia Police Officer Carmen Palmiero testified that the only description he received in the radio call about the robbery was two black males in their mid-twenties wearing dark clothing. Although Mr. Weiss identified [Appellee] in a one-on-one identification procedure shortly after the incident, when asked by the prosecutor if he saw any of his assailants in the courtroom, he hesitated for approximately 10 to 15 seconds and then said he was not sure. On cross-examination, Mr. Weiss reiterated that he did not know if [Appellee] was one of the men who robbed him. Further, when counsel pointed to [Appellee]'s full mustache, beard and side burns, facial hair that he had at the time of his arrest, Mr. Weiss agreed that had [Appellee] been the robber he would not have described him as clean shaven.

Officer Palmiero was responding to the radio call of the robbery when he observed two black males walking in the area of the 1900 block of League Street. The men faced in the officer's direction and then made a quick left onto another block where Officer Palmiero observed [Appellee] crouched down between two parked cars stuffing an item into a backpack. Officer Palmiero drew his weapon and apprehended [Appellee] after a quick foot pursuit. A search of the bag revealed a loaded semiautomatic Tec-9. The officer admitted that he

had no information that either perpetrator had a backpack or used a Tec-9 in the robbery. No phone, cash or any other proceeds from the robbery were found in [Appellee]'s possession.

Philadelphia Police Officer Mark Palazzi pursued the other male (Hickman) eastbound on the 1900 block of League Street. During the chase, the officer observed that male discard a black handgun in front of 1905 League Street. As Officer Palazzi continued to chase this male around the corner he saw him discard an iPhone in a red case. Mr. Weiss was brought to the location where this male was finally apprehended and identified him as one of the robbers.

Trial Court Opinion, 1/16/15, at 1-3.

The Commonwealth sought to charge Appellee with one count each of robbery, criminal conspiracy, possession of a firearm, firearms not to be carried without a license, theft by unlawful taking, receiving stolen property, carrying firearms in public in Philadelphia, possession of an instrument of a crime (PIC), simple assault, and recklessly endangering another person.[3] The municipal court conducted a preliminary hearing on January 9, 2014. At the conclusion of said hearing, the municipal court dismissed all charges against Appellee for lack of evidence, except for the charges of firearms not to be carried without a license and PIC. On January 16, 2014, the Commonwealth filed a notice of its intent to refile the entire original criminal

_____

[3] 18 Pa.C.S.A. §§ 3701(a)(1)(i), 903, 6110.2(a), 6106(a)(1), 3921(a), 3925(a), 6108, 907(a), 2701(a) and 2705, respectively.

complaint, including the dismissed charges, in the trial court.[4] The trial court treated the Commonwealth's notice of its intent, as a motion to refile the dismissed charges, and denied the same on March 18, 2014. On April 17, 2014, the Commonwealth filed a timely notice of appeal.[5]

On appeal, the Commonwealth raises one issue for our review.

> Properly viewed in the light most favorable to the Commonwealth, did the evidence showing that two witnesses identified [Appellee] minutes after the robbery near the crime scene establish a *prima facie* case of robbery, conspiracy, and related offenses?

Commonwealth's Brief at 4.

We begin by noting our well-settled standard of review. A preliminary hearing is similar to a pre-trial *habeas corpus* hearing. **Commonwealth v. Black**, 108 A.3d 70, 77 (Pa. Super. 2015) (citation omitted). The purpose of such a hearing is to determine whether the Commonwealth had made out a *prima facie* case for the offenses charged. **Commonwealth v. Jackson**, 849 A.2d 1254, 1257 (Pa. Super. 2004) (citation omitted). "A *prima facie* case consists of evidence, read in the light most favorable to the Commonwealth, that sufficiently establishes both the commission of a crime

---

[4] We note that the municipal court's decision was non-appealable as this Court has held an attempt at reinstituting the dismissed charges is the Commonwealth's only recourse. **Commonwealth v. Carbo**, 822 A.2d 60, 64 (Pa. Super. 2003) (*en banc*) (citation omitted).

[5] The Commonwealth and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

and that the accused is probably the perpetrator of that crime." ***Black***, ***supra***. Proof beyond a reasonable doubt is not required. ***Id.***

> We have held that in determining the presence or absence of a *prima facie* case, inferences reasonably drawn from the evidence of record that would support a verdict of guilty are to be given effect, but suspicion and conjecture are not evidence and are unacceptable as such. Further, since a trial court must view the evidence in the light most favorable to the Commonwealth when ruling upon a petition for writ of *habeas corpus,* it is inappropriate for the trial court to make credibility determinations in deciding whether the Commonwealth established a *prima facie* case.

***Id.*** Similar to an order granting a *habeas* petition, we will reverse such an order only if the trial court committed a manifest abuse of discretion. ***Carbo***, ***supra*** at 63.

In this case, the trial court denied the Commonwealth's motion to refile the previously dismissed charges based on the fact that there was insufficient evidence to establish identity. Trial Court Opinion, 3/26/15, at 4. The Commonwealth counters in its brief that it did present sufficient evidence of Appellee's identity to establish its *prima facie* case. Specifically, the Commonwealth avers that it met its burden primarily because when "the victim was brought to [Appellee]'s location, he immediately identified [Appellee] as one of his assailants." Commonwealth's Brief at 15. The Commonwealth further points out that an eyewitness also identified Appellee as one of the perpetrators. ***Id.*** at 15-16.

At the preliminary hearing, Weiss testified that at the time he made his initial identification of Appellee on the night of the offenses, he identified Appellee as one of his assailants, and that he was entirely sure of said identification at the time. N.T., 1/9/14, at 9. In addition, Officer Palmiero testified and corroborated that Weiss "immediately" identified Appellee as one of his assailants. *Id.* at 26. Officer Palmiero also stated that Weiss' female friend, who was with him at the time of the robbery, upon seeing Appellee, "started hysterically crying saying, yes, that's him[.]" *Id.* at 27.

The trial court acknowledged the above testimony. Trial Court Opinion, 1/16/15, at 4. However, the trial court denied the Commonwealth's motion to refile the charges based on the following rationale.

> Here, the victim of the robbery testified that he was sure his assailants were clean shaven. This testimony was at odds with the fact that [Appellee] had a full mustache, beard and side burns when he was arrested shortly after the incident. The incident took place at night and happened very quickly. Although Mr. Weiss identified [Appellee] in an on the street one-on-one identification procedure approximately fifteen minutes after the robbery, he was unable to identify him at the preliminary hearing and repeatedly stated that he was not at all sure if [Appellee] was one of the men who robbed him. Further, [Appellee] was not in possession of any of the proceeds of the robbery when arrested, and the firearm in his possession was not the weapon used in the incident. The fact that he was in unlawful possession of a firearm at the time [the] police approached him provides an independent reason for his flight from the officers.

*Id.*

- 6 -

After careful review of the certified record, we conclude the trial court erred in denying the Commonwealth's motion. The trial court's cardinal reason for denying the Commonwealth's motion was that Weiss' in-person identification on the night of the robbery contradicted the fact that "he was unable to identify him at the preliminary hearing." *Id.* The trial court further stated that Weiss believed his assailants to be clean shaven, but Appellee was not. *Id.* Respectfully, in our view, the only way the trial court could reach this conclusion was by weighing the evidence, *i.e.* the two identifications against one another. Stated another way, the trial court essentially credited Weiss' lack of identification at the preliminary hearing and rejected his identification on the night of the incident. It is axiomatic that "it is inappropriate for the trial court to make credibility determinations in deciding whether the Commonwealth established a *prima facie* case." **Black**, **supra**; **see also Commonwealth v. Marti**, 779 A.2d 1177, 1180 (Pa. Super. 2001) (stating, "the weight and credibility of the evidence are not factors at [the pre-trial] stage, and the Commonwealth need only demonstrate sufficient probable cause to believe the person charged has committed the offense[]"). The trial court essentially made a credibility determination, which is exclusively the role of the fact-finder at a trial. As a result, we conclude the trial court abused its discretion when it denied the Commonwealth's motion to refile the charges. **Carbo**, **supra**.

Based on the foregoing, we conclude the trial court erred when it denied the Commonwealth's motion to refile the charges that were dismissed by the municipal court. Accordingly, the trial court's March 18, 2014 order is reversed, and the case is remanded for further proceedings, consistent with this memorandum.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/21/2015