J-S01006-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA

v.

NATHAN WAYNE LAUVER

Appellant

:
:
:
:
:
:
:
:
:
:
:
:

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 916 MDA 2020

Appeal from the Judgment of Sentence Entered March 20, 2019
In the Court of Common Pleas of Mifflin County Criminal Division at
No(s):  CP-44-CR-0000566-2018

BEFORE:   LAZARUS, J., McCAFFERY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 21, 2021**

Nathan Wayne Lauver appeals from the judgment of sentence, entered in the Court of Common Pleas of Mifflin County, following his conviction, after a jury trial, of institutional vandalism.[1]  Upon careful review, we affirm.

This Court previously set forth the facts and procedural history of this case as follows:

> On August 15, 2019, the Commonwealth charged Lauver with institutional vandalism and the trial court appointed counsel to represent him.  Thereafter, on December 28, 2018, Lauver filed a "Petition for Change of Appointed Counsel Due to Conflict."  The certified record contains no evidence that the trial court ruled on this petition.  By order entered January 31, 2019, the case was scheduled for jury trial beginning on March 11, 2019.  That same day, Lauver's counsel filed a petition to withdraw, based upon a breakdown in the attorney-client relationship.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A.§ 3307.

On February 26, 2019, Lauver filed a *pro se* motion for continuance of his trial date, which the Commonwealth opposed. By order entered March 7, 2019, the trial court denied Lauver's request for a continuance. After considering pre-trial motions filed by Lauver, the case proceeded to a jury trial on March 20, 2019. On that date, the jury convicted Lauver of institutional vandalism. On April 1, 2019, Lauver filed a *pro se* "Post Verdict Motion for Judgment of Acquittal/Arrest of Judgment/New Trial," as well as [a] "Motion for Bail Pending Appeal," and a "Motion for Transcripts of Proceedings." The next day, the trial court granted Lauver's request for transcripts, and deferred ruling on the remaining motions until sentencing.

On May 16, 2019, the trial court sentenced Lauver to a $1,000.00 fine and a 9[-]to[-]24 month[] term of state incarceration. The court further ruled that bail would continue pending appeal, but if Lauver failed to file an appeal, "he shall appear at the Mifflin County Correctional Facility [(MCCF)] on June 17, 2019, for transfer to a State Correctional Institution." A transcript of the sentencing proceeding does not appear in the certified record. The record does contain, however, Lauver's written acknowledgement of post-sentence procedures, which he and standby counsel signed. There is no indication in the certified record that the trial court disposed of Lauver's post-verdict motion.

On May 24, 2019, Lauver filed a "Post Sentence Motion for Judgment of Acquittal/Arrest of Judgment/New Trial." The trial court denied this motion on May 29, 2019. [A] timely *pro se* appeal followed.

*Commonwealth v. Lauver*, 975 MDA 2019, at 1-3 (Pa. Super. filed Feb. 10, 2020) (unpublished memorandum decision). On February 10, 2020, this Court remanded the case for a *Grazier*[2] hearing after noting that "there is no indication in the certified record that Lauver ever made a knowing, intelligent waiver of his right to counsel on appeal pursuant to *Grazier*." *Id.* at 3.

_____

[2] *Commonwealth v. Grazier*, 713 A.3d 81 (Pa. 1998).

At the **Grazier** hearing held on June 8, 2020, Lauver repeatedly asserted his desire to proceed *pro se* and indicated to the trial court that he understood: (1) his right to be represented by counsel, including free counsel if he were indigent; (2) the nature of the charge against him and the elements thereof; (3) the permissible range of sentences and fines; (4) that he would be bound by all rules of procedure with which counsel would be familiar; and (5) that he may have other rights which will be lost permanently if not timely asserted. **See** N.T. Grazier Hearing, 6/8/20, at 12-15; **see also** Pa.R.Crim.P. 121 (requiring foregoing elements to establish knowing, voluntary, and intelligent waiver of right to counsel). That same day, the trial court accepted Lauver's waiver pursuant to Rule 121, and appointed Attorney Stuart A. Cilo, Esquire, as standby counsel regarding any and all appellate procedures. **See** Order 6/8/2020. On August 11, 2020, Lauver filed his court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and on August 20, 2020, the trial court issued its response.[3]

_____

[3] On September 14, 2020, Lauver filed a *pro se* "Petition for Administrative Review/Relief," in which he argued that the June 8, 2020 **Grazier** hearing was "unwarranted" and should not have occurred. **See** Petition, 9/14/20, at 3; **but see Commonwealth v. Robinson**, 970 A.2d 445, 459-60 (Pa. Super. 2009) (en banc) ("A **Grazier** hearing is required before we may adjudicate an appeal even when . . . a particular appellant clearly and unequivocally indicates a desire to represent himself."). In his petition, Lauver requested that this Court "consider [his] appeal as originally docketed with no further filing requirements imposed on [him,] thus effectively reinstating the original appeal docket." Petition, 9/14/20, at 4. Because Lauver failed to file a motion for reconsideration in his prior appeal, and subsequently filed a timely Rule

Instantly, Lauver raises nine issues for our review:

1. Is the verdict slip inconsistent/invalid [and] ambiguous by demonstrating lack of damage/pecuniary loss? Was [the] guilty verdict due solely to jury speculation as to a matter of law, contrary to a finding of guilt, thus "shocking one's sense of justice" requiring reversal/molding/acquittal?

2. Did [the] trial [court] abuse [its] discretion [or] make an error of law when [it] denied [the] jury['s] request for [the] legal definition of "vandalism" during deliberations causing [the] jury to speculate about [a] material matter of law as it pertained to [the] court's written jury instructions on elements of [the] offense, thus causing [an] erroneous verdict based on prejudicial speculation[,] severely prejudicing [the] defense, adversely affecting [the] outcome of trial?

3. Was [Lauver's] right to be present at all stages of trial violated when [the] judge denied [the] jury's request for [the] definition of "vandalism" during deliberation without notifying the parties of [the] jury[']s question or holding [a] hearing in court before [the] verdict was reached[,] thus preventing [the] defense['s] objection[,] creating revers[ible] error with respect to [the] trial judge's erroneous denial of [the] jury request for [the] legal definition of "vandalism" during deliberations as it applies to [the] written jury instruction explaining [the] elements of [the] crime possessed by the jury during deliberations?

4. Was counsel ineffective[,] prejudicing [Lauver] and adversely affecting [the] outcome of [the] proceedings as well as failing to preserve issues?

5. W[ere] the court's written instructions on the elements of "institutional vandalism" unconstitutionally vague, prejudicial, and inadequate[,] causing jury confusion as to the elements of the crime?

6. Did [the] court erroneously deny [Lauver's] pretrial motion to quash return of transcripts (preliminary hearing)?

---

1925(b) statement and appellate brief at the instant docket number, which are identical to his previous filings, we hereby deny this petition as moot.

7. Was it a prejudicial violation of discovery where vital exculpatory evidence was not produced by [the] prosecution despite being ordered to be produced by [the] trial court?

8. Did [the] Commonwealth fail to meet [its] burden of proof where the Commonwealth's information alleges that the camera in question is a "venerated object?"

9. Do[] the weight and sufficiency of [the] Commonwealth['s] evidence support a finding of guilt?

Brief of Appellant, at 10-12 (page numbers altered to reflect actual pagination).

First, Lauver argues that the verdict was inconsistent, ambiguous, and shocking to one's sense of justice because the jury found him guilty of institutional vandalism but specifically indicated that MCCF incurred no pecuniary loss or damages. He submits that, accordingly, he is entitled to a new trial. Because the trial court's decision on whether to set aside a jury's verdict raises a pure question of law, our scope of review plenary and our standard of review is *de novo*. **See Commonwealth v. Rose**, 960 A.2d 149, 155 (Pa. Super. 2008).

Pursuant to 18 Pa.C.S.A. § 3307(a)(3), a person is guilty of institutional vandalism if he knowingly "vandalizes, defaces[,] or otherwise damages . . . any . . . [s]tate or local government building." **Id.** The offense is graded as a third-degree felony if the actor causes pecuniary loss in excess of $5,000; otherwise, the offense is graded as a second-degree misdemeanor. 18 Pa.C.S.A. § 3307(b). Contrary to Lauver's assertions, pecuniary loss is not an element of institutional vandalism that must be proven beyond a reasonable

doubt. *See id.* Instead, pecuniary loss is only relevant to the grading of the offense. Here, the Commonwealth charged Lauver with a second-degree misdemeanor offense, and thus, pecuniary loss need not have been proven to adjudicate him guilty. For this reason, the verdict is not inconsistent, nor does it shock one's sense of justice, and Lauver is entitled to no relief.

In his second and third issues, which we address in tandem, Lauver argues that because the trial court omitted the word "otherwise"—which appears in the statute—from its jury instruction, and refused to define "vandalism" for the jury without first hearing arguments from counsel, reversal or a new trial is appropriate. *See* Brief of Appellant, at 43-50.

Our standard of review in regard to a trial court's decisions on jury instructions is one of deference; an appellate court will reverse a trial court's decision only when it abused its discretion or committed an error of law. *Commonwealth v. Cannavo*, 199 A.3d 1282, 1286 (Pa. Super. 2018). "We further note that, it is an unquestionable maxim of law in this Commonwealth that a trial court has broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014).

Moreover, it is well-settled that "[a] specific and timely objection must be made to preserve a challenge to a particular jury instruction. . . . Generally, a defendant waives subsequent challenges to the propriety of the

jury charge on appeal if he responds in the negative when the court asks whether additions or corrections to a jury charge are necessary."

***Commonwealth v. Moury***, 992 A.2d 162, 178 (Pa. Super. 2010).

At Lauver's trial, the court charged the jury, in relevant part, as follows:

The Court: Now, let me go ahead and read you the actual charge then. Goes like this. Institutional vandalism. . . . To find that the Defendant is guilty of this offense you must find that the following elements have been proven beyond a reasonable doubt. First, the Defendant vandalized, defaced[,] or damaged a certain state or local government building or vehicle. Second, that the Defendant did so knowingly. In other words, the Defendant knew the nature of the place and what he was doing.

* * *

Now[,] if you have questions while you're deliberating[,] you submit those in writing underneath the door, give them to the tipstaff who will then give them to me. **Good chance I won't be able to answer that.** Don't expect that. **If I have a question that I could answer easily**[,] **I'm gonna** [sic] **write on it. When we come back**[,] **I will notify the parties here of what went down. In the event it's a question that I need their input** [on], **I will reconvene us here**, without you hearing, and then I'll reach a conclusion in front of them to see whether I can answer your question or not. Okay?

Now, **any objections to my instructions**[?]

* * *

[Lauver]: **No.**

N.T. Jury Trial, 3/20/19, at 167 (emphasis added).

Here, Lauver raised no timely objection to the trial court's instructions, nor did he propose any challenge, addition, or correction to the court's

- 7 -

instructions, such as including the word "otherwise."[4]  N.T. Jury Trial, 3/20/19, at 167.  Accordingly, this issue is waived.  **_Moury_**, **_supra._**[5]

Similarly, Lauver failed to object to the trial court's instruction that it would answer "eas[y]" questions from the jury without input from counsel, and would only reconvene if the court "need[ed]" counsel's input.  N.T. Jury Trial, 3/20/19, at 167.   Therefore, Lauver has waived his argument that the

---

[4] Lauver submits that:

> Use of the word 'otherwise' in the Court's written instruction would have allowed the jury to determine that 'damage' was also included in the definition of 'vandalized,' but the jury never had this language from which to discern that such a connection existed.
>
> * * *
>
> The jury was [] led to believe that the term 'vandalism' stood alone with respect to the other terms and had an entirely separate definition.   Had the jury been informed that 'vandalism' encompasses actual damage, they would [] have . . . reached a different verdict which reflected the fact that the jury found no evidence of damage and therefore, the facts of the case did not qualify as actual vandalism.

Brief of Appellant, at 43-50.  This argument is flawed for the reason that "[w]ords in statutes are not to be considered surplus.  Instead, we are to give effect to every word." **_Commonwealth v. Reefer_**, 816 A.2d 1136, 1144 (Pa. Super. 2003).  Lauver's interpretation fails to do so by suggesting "vandalizes" carries the identical meaning of the word "damages."

[5] Nevertheless, this claim is without merit because the trial court quoted _verbatim_ from the Pennsylvania Standard Suggested Criminal Jury Instructions.  **_Antidormi_**, **_supra_**; **_see also Commonwealth v. Sandusky_**, 77 A.3d 663, 674 (Pa. Super. 2013) (where trial court quoted near _verbatim_ from Pennsylvania Suggested Standard Criminal Jury Instructions, trial court committed no error in charging jury).

trial court erred or committed reversable error in declining to answer a question from the jury without first hearing arguments from counsel. ***Moury***, ***supra.***[6]

Next, Lauver claims that trial counsel was ineffective. In support of his ineffectiveness claim, Lauver provides only one citation to the record,

_____

[6] Absent waiver, Lauver's claim that the trial court erred in declining to provide the jury with a definition of "vandalism" is unavailing.

> The scope of supplemental instructions given in response to a jury's request rests within the sound discretion of the trial judge. There may be situations in which a trial judge may decline to answer questions put by the jury, but where a jury returns on its own motion indicating confusion, the court has the duty to give such additional instructions on the law **as the court may think necessary** to clarify the jury's doubt or confusion.

***Commonwealth v. Davalos***, 779 A.2d 1190, 1195 (Pa. Super. 2001) (emphasis added); ***see also*** Pa.R.Crim.P. 647 (trial judge may give additional instructions as judge deems necessary and appropriate for jury's guidance).

Here, the trial court declined to answer the jury's question because "vandalism" was not defined by the statute, ***see*** 18 Pa.C.S.A. § 3307, and because the jury could utilize their common sense, in combination with the other terms "defaced" and "damaged" to ascertain the definition of "vandalism" as it applied to the facts of the case. Trial Court Opinion, 5/29/19, at 2-3. The trial court further explained that the jury was free to find [Lauver] "defaced" **or** "damaged" the video camera and that the court "did not want to put extra emphasis on the definition of vandalism [because t]he court believed providing this definition . . . would only add to their confusion." ***Id.*** Under these circumstances, the trial court properly exercised its discretion, and because the instructions clearly, accurately, and adequately explained the law to the jury, the trial court committed no error of law. ***Antidormi***, ***supra***; ***Sandusky***, ***supra***; **see also *Commonwealth v. Hughes***, 865 A.2d 761, 800 (Pa. 2004) (jury may properly draw upon knowledge and common experience to reach a conclusion; judge's instruction allowing jury to reference "youth" in terms of common experience not improper where no age explicitly set forth defining "youth" as mitigating circumstance).

indicating where the trial court denied his post-sentence motion for acquittal; he does not cite to any legal authority whatsoever. *See* Brief of Appellant, at 50-52, 75-77. Accordingly, this issue is waived by virtue of being completely undeveloped. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007) (appellant's duty is to present arguments sufficiently developed for our review; we will not act as counsel and will not develop arguments on behalf of appellant; brief must support claims with pertinent discussion, references to record, and citations to legal authorities); *Commonwealth v. Clayton*, 816 A.2d 217, 221 (Pa. 2002) (undeveloped claims are waived and unreviewable on appeal).

In his fifth issue, Lauver contends that the court's written jury instructions regarding section 3307—taken *verbatim* from the Pennsylvania Suggested Standard Criminal Jury Instructions—as a whole, are unconstitutionally vague, prejudicial, "inadequate[,] not clear[,] or ha[d] a tendency to mislead or confuse the jury" because the trial court did not provide "the definition of 'vandalism' as it pertains to law[,]" which he argues is as follows:

> the action involving deliberate destruction of or damage to public or private property ([W]ikipedia) [] or alternatively, according to Black['s] Law Dictionary, 2nd edition, 'mindless and malicious harm and injury to another's property.'
>
> * * *
>
> Such legal knowledge cannot be presumed by the court to be possessed by a jury of lay people . . . [and] **use of the term 'vandalizes' alongside separate elements of 'defaces and**

**damages' . . . improperly misleads the jury into believing that . . . to 'vandalize' does not entail actual damage**[.]

Brief of Appellant, at 82-94 (emphasis added).

To withstand constitutional scrutiny based upon a challenge of vagueness, a criminal statute must "define the criminal offense with sufficient definiteness that ordinary people can understand what is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." ***Commonwealth v. Kakhankham***, 132 A.3d 986, 991 (Pa. Super. 2015).

The relevant language of section 3307, which is practically identical to the Pennsylvania Suggested Standard Criminal Jury Instructions, describes institutional vandalism as consisting of two principal elements: (1) knowingly defacing, damaging, or vandalizing property, and (2) that the property belongs to the state or a local government building. 18 Pa.C.S.A. § 3307. As applied to Lauver, section 3307 is quite clear; the record shows, and Lauver admitted, that Lauver knowingly poured water in and on a camera inside his jail cell at MCCF, which resulted in the device having technological issues. In enacting section 3307, the legislature intended to proscribe this conduct. Lauver does not suggest, nor does the statute's language indicate, that the statute, as defined, encourages arbitrary and discriminatory enforcement. Furthermore, basic principles of statutory interpretation belie Lauver's assertion that "vandalizes" carries the same legal meaning as "damages" under the language of section 3307. ***See Commonwealth v. Ostrosky***, 866 A.2d 423 (Pa. Super. 2005) (whenever possible, each word in statutory

provision is given meaning and not treated as surplusage); 1 Pa.C.S.A. § 1922(2) (legislature intends entire statute to be effective). Accordingly, section 3307, and in turn, the court's written jury instructions, are not unconstitutionally vague. ***Kakhankham***, ***supra***.

Next, Lauver argues that the trial court erred in denying his "pretrial motion to quash return of transcripts." Brief of Appellant, at 53-54. While the issue is briefly described in Lauver's "summary of arguments" section, without any citations to the record or to any legal authority, ***see id.*** at 54, Lauver does not include any discussion thereof in the "argument" section of his brief. ***See id.*** at 60-111. Thus, we are unable address the issue, which has been abandoned. ***See Commonwealth v. Spotz***, 18 A.3d 244, 323 (Pa. 2011) (claims and sub-claims that are undeveloped are unreviewable and are accordingly waived).[7]

Lauver next argues that he is entitled to a new trial because the Commonwealth withheld exculpatory evidence from him which severely prejudiced his defense, in violation of ***Brady v. Maryland***, 373 U.S. 83 (1963). Specifically, Lauver points to a "cell accountability form" that he allegedly signed on the date of the offense showing that no damage to the camera had occurred. ***See*** Brief of Appellant, at 56.

---

[7] We note, however, that "[o]nce appellant has gone to trial and been found guilty of the crime, any defect in the preliminary hearing is rendered immaterial. ***Commonwealth v. Jackson***, 849 A.2d 1254, 1257 (Pa. Super. 2004).

In order to establish a ***Brady*** violation, a defendant must show that: (1) evidence was suppressed by the state, either willfully or inadvertently; (2) the evidence was favorable to the defendant, either because it was exculpatory or because it could have been used for impeachment; and (3) the evidence was material, in that its omission resulted in prejudice to the defendant. ***Commonwealth v. Willis***, 46 A.3d 648, 656 (Pa. 2012).

At trial, Lauver was able to establish that the signed "cell accountability form" was suppressed by eliciting testimony from Warden Joshua Graver that he "could not locate it." N.T. Jury Trial, 3/20/19, at 72. However, Lauver has failed to establish that the evidence was material in that its omission resulted in prejudice. Lauver claims that the cell accountability form "would have undoubtedly ex[]onerated [him] **since it proved** a contemporaneous record existed that established **a clear lack of damage to the camera** in question[,] which [he] also signed[.]". Brief of Appellant, at 49 (emphasis added). However, the jury's verdict, discussed ***supra***, indicated that they believed Lauver's testimony that no damage to the camera occurred, in the sense that there was no pecuniary loss. The jury was able to determine Lauver was guilty of institutional vandalism for vandalizing or defacing the camera. We note again that, contrary to Lauver's repeated assertions, the term "vandalize" does not carry the same meaning as the word "damage" in section 3307, and proof of actual damage was not necessary to find him guilty beyond

a reasonable doubt.  **See Ostrosky**, **supra**; 18 Pa.C.S.A. § 3307.  Therefore, no relief is due.

In his eighth issue, Lauver claims that the Commonwealth "fail[ed] to meet [its] burden of proof where . . . the camera in question does not meet the statutory definition of a 'venerated object.'"  **See** Brief of Appellant, at 58. Once again, the issue is briefly mentioned, without any citations to the record or to any legal authority, in Lauver's "summary of arguments" section; however, Lauver does not include any discussion thereof in the "argument" section of his brief.  **See id.** at 53, 60-111.  Therefore, the issue is waived. **Spotz**, **supra**; **Clayton**, **supra**.

In his two final issues, Lauver raises challenges to the sufficiency and weight of the evidence for his institutional vandalism conviction.

> When reviewing a sufficiency of the evidence claim, this Court must review the evidence and all reasonable inferences in the light most favorable to the Commonwealth as the verdict winner, and we must determine if the evidence, thus viewed, is sufficient to enable the fact-finder to find every element of the offense beyond a reasonable doubt.

**Commonwealth v. Goins**, 867 A.2d 526, 527 (Pa. Super. 2004).

As noted **supra**, pursuant to 18 Pa.C.S.A. § 3307(3), a person is guilty of institutional vandalism if he knowingly vandalizes, defaces, or damages a state or local government building.  **Id.**

The evidence presented at trial established that Lauver was an inmate at MCCF at the time of the offense.  N.T. Jury Trial, 3/20/19, at 21-23. Corrections Officer Dakota Baumgardner testified that, on the date in

question, he observed Lauver soaking a towel and beating it on the sink, toilet, bunk, and walls of his cell "for no apparent reason." *Id.* at 26. Officer Baumgardner then went to the control room to notify Lieutenant Clint Chambers of this behavior and continued observing Lauver through the monitors in that room. *Id.* at 26-28. He testified that the screen from the camera was blurry and that he could see Lauver rubbing the camera with a wet towel. *Id.* at 28. As Lauver continued to do so, the screen went gray and the officers "couldn't see anything out of it at all." *Id.* The Commonwealth played the video to the jury, which depicted Lauver repeatedly pouring water from a milk carton onto a towel which he used to cover the camera; each time, the video became blurrier. *Id.* at 50-53. Officer Baumgardner testified that when he and Lieutenant Chambers went back to Lauver's cell, the clear protective case on the camera was filled halfway with water. *Id.* at 29. Warden Graver testified that the camera became inoperable due to water damage. *Id.* at 53-54, 66-67. Warden Graver also testified that he was required to replace the camera at a cost of approximately six hundred eighty dollars, but could not corroborate that the replacement occurred. *Id.* at 67-77. Lauver testified that he initially tried to cover the camera with wet toilet paper so that he could use the toilet privately. *Id.* at 100-01. When this failed, Lauver admitted that he poured water from a milk carton into the protective bubble of the camera so that a damp rag could stay in place and block the camera while he used the restroom:

> I partially covered this bubble up and I pour[ed] a little bit of water out of my milk carton. I had a little bit hit the bottom. I poured a little bit of water. You can see that in the video. You can see a little bit of water going outside of the bubble and I catch it with that rag. . . . Eventually, I got the camera covered.

*Id.* at 102.

This testimony, viewed in light most favorable to the Commonwealth as verdict winner, is sufficient to have enabled the jury to find every element of the crime beyond a reasonable doubt. Lauver admitted to intentionally pouring water into or on the camera, and both Officer Baumgardner and Lieutenant Chambers testified that the camera stopped working as a result, which was corroborated by video footage played for the jury. Based on this evidence, the jury could have found that Lauver knowingly vandalized, defaced, or damaged property of MCCF.

Finally, when examining a challenge to the weight of the evidence, our standard of review is as follows:

> The weight of the evidence is exclusively for the finder of fact who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. . . . [W]e may only reverse the . . . verdict if it is so contrary to the evidence as to shock one's sense of justice.
>
> Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

***Commonwealth v. Champney***, 832 A.2d 403, 408 (Pa. 2003) (internal citations omitted). A "trial court's denial of a motion for a new trial based on

- 16 -

a weight of the evidence claim is the least assailable of its rulings."

***Commonwealth v. Rivera***, 983 A.2d 1211, 1225 (Pa. 2009).

In denying Lauver's weight of the evidence claim, the trial court explained that:

> Although [Lauver] argues the jury's verdict is not based on the evidence presented at trial, the [c]ourt is not persuaded. A review of the record shows evidence was presented that would allow the jury to find [Lauver] knowingly vandalized, defaced[,] or otherwise damaged a video camera at the Mifflin County Correctional Facility. As stated above, testimony provided [Lauver] poured water on the camera. [Lauver] admits he poured water on the camera and that he did this knowingly. Testimony also provided after [Lauver] poured water on the camera[,] the camera was no longer operable. While [Lauver] testified he did not intend to damage the camera, the jury was free to determine Lauver's credibility. The [c]ourt will not upset the verdict because [Lauver's] testimony conflicted with the other witnesses. Further, the [c]ourt cannot find that the verdict was so contrary to shock one's sense of justice. As such, the [c]ourt finds this argument is without merit.

Trial Court Opinion, 5/29/19, at 8.

With respect to Lauver's weight challenge, after a thorough review of the record, the parties' briefs, the applicable law, and the opinion of the Honorable David W. Barron, we conclude the verdict does not shock one's sense of justice, and that Judge Barron did not palpably abuse his discretion in rejecting Lauver's weight claim. ***Commonwealth v. Sanders***, 42 A.3d 325, 331 (Pa. Super. 2012) (any conflicts in evidence or contradictions in testimony are exclusively for jury to resolve). Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/21/2021